PERKINS, APPELLANT, *v.* ALLNUT, RESPONDENT.

(No. 3,223.)

(Submitted January 15, 1913. Decided February 10, 1913.)

[130 Pac. 1.]

*Oral Contracts—Real Property—Statute of Frauds—Evidence—Admissibility—Breach by Plaintiff—Part Payments—Recovery Back.*

Oral Contracts—Real Property—Statute of Frauds—Evidence—Admissibility.
  1. Where plaintiff sought to recover money on a demand loan, defendant was properly allowed to introduce testimony tending to show that the money paid him by the former was not a loan, but a partial payment upon the purchase price of real property sold under an oral contract, even though such contract of purchase was invalid, and therefore unenforceable, under the statute of frauds.

Same—Breach by Plaintiff—Part Payments—Recovery Back.
  2. A purchaser of real property under an oral agreement, who has made a partial payment on the purchase price and then voluntarily terminates the agreement, cannot recover back such payment in the absence of a showing that defendant is unable or unwilling to carry out the contract.

Appeal from District Court, Ravalli County; *R. Lee McCulloch, Judge.*

ACTION by R. L. Perkins against John J. Allnut. Judgment for defendant, and plaintiff appeals. Affirmed.

*Messrs. Baker & Kurtz,* for Appellant, submitted a brief; *Mr. Kurtz* argued the cause orally.

*Mr. Edward D. Noonan,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant recovered judgment in the court below, and from that judgment and an order denying a new trial plaintiff appealed.

The action was instituted to recover $837.64, alleged to be due to the plaintiff upon an express contract. According to the theory of the complaint, the transaction between the plaintiff and the defendant constituted, in effect, a demand loan. The answer denies the material allegations of the complaint and sets forth the defendant's version of the transaction, which is that the money advanced by plaintiff to defendant was a partial payment upon the purchase price of a piece of real estate which plaintiff agreed to purchase from defendant for $2,500. Upon the trial, after plaintiff had made out a *prima facie* case according to his theory and had rested, the defendant, over objection, introduced oral evidence of the agreement under which he contended the plaintiff advanced the money. Upon cross-examination it was developed that the agreement upon which defendant relied was in parol, and counsel for plaintiff then moved to strike out all the evidence relating to such contract. The court denied the motion, and this ruling presents the only question for our determination.

Counsel for appellant contend that, since the contract relied upon by the defendant is invalid under the statute of frauds (Rev. Codes, secs. 5017, 5091), it cannot be appealed to by him unless he shows himself entitled to equitable relief. Counsel [1] err, however, in failing to distinguish between facts necessary to entitle one to affirmative relief, and facts sufficient to constitute a defense. The parol agreement for the sale of land was not illegal or absolutely void; it was voidable—that is, it was unenforceable. (*Ducie* v. *Ford,* 8 Mont. 233, 19 Pac. 414; Browne on Statute of Frauds, sec. 135; 20 Cyc. 279; 9 Ency.

of Pl. & Pr. 706.) And for this reason defendant would not be heard to insist upon a demand for the balance due him on the contract, but this rule does not preclude him from disclosing what the facts actually were, as a defense to the plaintiff's claim that the money was advanced as a loan. The general verdict of the jury is a finding that defendant's version of the transaction is the correct one and that the money was not advanced as a loan.

The verdict is not attacked upon the ground of the insufficiency of the evidence to support it—indeed, such an attack could not well be made; and therefore, for the purposes of this appeal, it is established that the money which plaintiff advanced was a partial payment upon the purchase price of real estate [2] under a parol agreement, and that plaintiff voluntarily terminated such contract. Under this state of facts, the rule that plaintiff cannot recover back such partial payment, in the absence of a showing that defendant is unable or unwilling to carry out the contract, is recognized quite uniformly. (*Riley* v. *Williams,* 123 Mass. 506; *Day* v. *Wilson,* 83 Ind. 463, 43 Am. Rep. 76; *Plummer* v. *Bucknam,* 55 Me. 105; *Durham C. L. & I. Co.* v. *Guthrie,* 116 N. C. 381, 21 S. E. 952; *York* v. *Washburn* (C. C.), 118 Fed. 316, affirmed by circuit court of appeals, 129 Fed. 564, 64 C. C. A. 132; *Venable* v. *Brown,* 31 Ark. 564; *McKinney* v. *Harvie,* 38 Minn. 18, 8 Am. St. Rep. 640, 35 N. W. 668; *Cobb* v. *Hall,* 29 Vt. 510, 70 Am. Dec. 432; *Johnson* v. *Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867; Browne on Statute of Frauds, sec. 122.)

To test the correctness of the trial court's ruling, it is only necessary, with the facts before us, as established by the jury's verdict, to inquire what the result would have been had the defendant's evidence been excluded. The plaintiff would have recovered for money advanced as a loan, when in fact such a transaction never occurred between the parties.

Plaintiff pleaded and relied upon a particular contract, and the defendant was at liberty to prove anything tending to show that the allegations of the complaint were not true. This he

could do by showing that there was not any contract whatever entered into, or by showing that the contract actually made was altogether different from the one asserted by the plaintiff, and this, too, even though in doing so he disclosed a contract unenforceable or even void. (*Stewart* v. *Thayer,* 170 Mass. 560, 49 N. E. 1020; 9 Cyc. 73; 4 Ency. of Pl. & Pr. 941.)

The trial court's ruling was correct, and the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.