DREIDLEIN, RESPONDENT, *v.* MANGER, APPELLANT.

(No. 5,331.)

(Submitted November 15, 1923. Decided December 3, 1923.)

[220 Pac. 1107.]

*Statute of Frauds—Oral Contract not to be Performed Within Year—Invalidity — Evidence — Inadmissibility — Quantum Meruit—Pleading and Practice—Complaint—Amendments — Counterclaims.*

Statute of Frauds—Oral Contract not to be Performed Within One Year—Invalidity—*Quantum Meruit*—Evidence of Contract—Inadmissibility.
1. An oral agreement which by its terms is not to be performed within one year from its making is invalid, *i. e.,* void for any purpose, and part performance does not take it out of the statute; hence it was error to permit evidence of the terms of such an agreement to be introduced in an action to recover the reasonable value of services rendered in pursuance of the agreement.

Pleading and Practice — Complaint — Amendments Relate Back to Commencement of Action.
2. An amendment to the complaint the effect of which is to state the same cause of action in a separate count relates back to the date of the filing of the original complaint.

---

1. Right of *quantum meruit* for services rendered under parol contract unenforceable because not to be performed within a year, see notes in 4 Ann. Cas. 463; L. R. A. 1916D, 895.

Part performance to take contracts to render services not to be performed within a year out of the statute of frauds, see note in L. R. A. 1916D, 884.

**Same—Counterclaims not in Existence at Commencement of Action not Permissible.**

    3.  A counterclaim may be pleaded in an action on a contract if in existence at the time the action was commenced (sec. 9138, subd. 2), Rev. Codes 1921); hence where a deficiency judgment in a foreclosure suit was not obtained by defendant until long after the action was commenced, a counterclaim based upon it was not permissible.

    *Appeal from District Court, Meagher County, in the Fourteenth Judicial District; C. W. Pomeroy, Judge of the Eleventh District, presiding.*

    ACTION by George E. Dreidlein against Richard Manger. Judgment for plaintiff and defendant appeals. Reversed and remanded for new trial.

    *Messrs. McIntire & Murphy,* for Appellant, submitted a brief, and one in reply to that of Respondent; *Mr. C. A. Spaulding,* of Counsel, argued the cause orally.

    That an agreement not in writing, which by its alleged terms is not to be performed within a year, is within our statute of frauds and is consequently void is manifest. (*Reed* v. *McConnell,* 133 N. Y. 425, 31 N. E. 22; *Gazzem* v. *Simpson,* 114 Fed. 71, 52 C. C. A. 19; *Dunphy* v. *Ryan,* 116 U. S. 491, 29 L. Ed. 703, 6 Sup. Ct. Rep. 486 [see, also, Rose's U. S. Notes]; *Patten* v. *Hicks,* 43 Cal. 509; *Fuller* v. *Reed,* 38 Cal. 99.) Evidence of a contract or agreement within the statute of frauds is incompetent and inadmissible (*Ryan* v. *Dunphy,* 4 Mont. 342, 1 Pac. 710), but it is expressly prohibited by the statute. (Rev. Codes, 1921, sec. 10613; see, also, *Long* v. *Long,* 162 Cal. 427, 122 Pac. 1077, 1079; *Henrikson* v. *Henrikson,* 143 Wis. 314, 33 L. R. A. (n. s.) 534, 127 N. W. 965; *Rowell* v. *Barber,* 142 Wis. 304, 27 L. R. A. (n. s.) 1140, 125 N. W. 938; *Johnson* v. *Upper,* 38 Wash. 693, 80 Pac. 801; *Baxter* v. *Baxter,* 46 Ind. App. 514, 92 N. E. 881, 1039; *Houser* v. *Hobart,* 22 Idaho, 735, 43 L. R. A. (n. s.) 410, 127 Pac. 997; *Fabian* v. *Wasatch Orchard Co.,* 41 Utah, 404, L. R. A. 1916D, 892, 125 Pac. 860; *Galvin* v. *Prentice,* 45 N. Y. 162, 6 Am. Rep. 58.)

*Mr. Edward Horsky* and *Mr. Earle F. Angell,* for Respondent, submitted a brief; *Mr. Horsky* argued the cause orally.

Appellant's whole argument relative to the statute of frauds is based on the theory that a contract such as the one involved in this case is absolutely void. In Montana and other states whose statutes are the same as ours, and by the great weight of authority where other courts have adopted the same rule, the contract is not void, but is merely unenforceable (*Perkins* v. *Allnut,* 47 Mont. 13, 15, 130 Pac. 1; *Ducie* v. *Ford,* 8 Mont. 233, 19 Pac. 414; *Babcock* v. *Gregg,* 55 Mont. 317, 178 Pac. 284; *Featherman* v. *Hennessy,* 42 Mont. 535, 113 Pac. 751; *McDonald* v. *Lannen,* 19 Mont. 78, 47 Pac. 648), and plaintiff may recover at the contract price for the services actually rendered. (*Darknell* v. *Coeur D'Alene & St. Joe Transp. Co.,* 18 Idaho, 61, 108 Pac. 536, 538; *Murphy* v. *De Haan,* 116 Iowa, 61, 89 N. W. 100.) Oral contract for a period of three years to cut, skid and haul a certain number of logs; after one year's performance plaintiff held entitled to recover for work done at rate fixed by contract. (*Fuller* v. *Rice,* 52 Mich. 435, 18 N. W. 205; *Spinney* v. *Hill,* 81 Minn. 316, 84 N. W. 116.) An oral contract for services partly performed is, to the extent of the performance, taken out of the statute. (*Hahnell* v. *Highland Park,* 171 Iowa, 492, 152 N. W. 571, 573; *Murphy* v. *De Haan,* 116 Iowa, 61, 89 N. W. 100; *Dreyenforth* v. *Palmer Pneumatic Tire Co.,* 145 Ill. App. 62; *City of Greenville* v. *Greenville Waterworks Co.,* 125 Ala. 625, 27 South. 764, 770; *Lagerfelt* v. *McKie,* 100 Ala. 430, 14 South. 281; *Bagwell* v. *Milem,* 9 Ga. App. 315, 71 S. E. 684; *Murphy* v. *De Haan,* 116 Iowa, 61, 89 N. W. 100; *Doty* v. *Doty,* 118 Ky. 204, 4 Ann. Cas. 1064, 80 S. W. 803; *Baker* v. *Lauterbach,* 68 Md. 64, 11 Atl. 703; *Fuller* v. *Rice,* 52 Mich. 435, 18 N. W. 204.)

"By the weight of authority where an oral contract is entered into for the performance of services to be paid for at a stipulated sum stated in the contract and the contract is

[69 Mont. 155.]

within the statute of frauds and therefore void, in an action of *quantum meruit* to recover for services performed thereunder the price fixed in the contract for the services either governs the amount of the recovery or is competent evidence of their value." (Note, 4 Am. & Eng. Ann. Cas. 463; *Clark* v. *Terry,* 25 Conn. 395; *Murphy* v. *De Haan,* 116 Iowa, 61, 89 N. W. 100; *Baker* v. *Lauterbach,* 68 Md. 64, 11 Atl. 703; *Moore* v. *Capewell Horse Nail Co.,* 76 Mich. 606, 46 N. W. 644; *Lally* v. *Crookston Lumber Co.,* 85 Minn. 257, 88 N. W. 846; *La Du-King Mfg. Co.* v. *La Du,* 36 Minn. 473, 31 N. W. 938.)

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff, George E. Dreidlein, against the defendant, Richard Manger, to recover damages for alleged breach of contract. The original complaint is not contained in the record, nor is the date of its filing shown. It appears that upon March 22, 1920, an amended complaint was filed, wherein it is alleged that on the twenty-third day of March, 1918, the plaintiff and defendant entered into an agreement whereby the plaintiff was to operate a certain ranch belonging to the defendant situated in Meagher county, and that with the conduct of such ranch he was to manage and care for certain livestock belonging to the defendant, and render his personal services in the management of such property for a period of three years from January 1, 1918. It is alleged that the contract was to date from the first of January, 1918, and that the plaintiff was to receive for his compensation one-half of the net profits from the operations less seven per cent on $150,000, the amount invested by the defendant in the plant. Further, it is alleged that on or about January 25, 1919, the defendant, wrongfully and unlawfully and against the will of the plaintiff, terminated the agreement and refused to carry out the terms thereof for the period of its duration. It is also alleged that for the year 1918 the net profits incident to the conduct of such ranch

and livestock were $27,309.58, and that plaintiff under the agreement is entitled to one-half thereof, namely, the sum of $13,654.79, no part of which has been paid save the sum of $830, and that there is now due and owing to the plaintiff the sum of $12,823.99 for the period beginning January 1, 1918, and ending December 31, 1918, and that during the years 1919 and 1920 the value of one-half of such net profits would have been for each year $12,823.99, totaling $38,471.97 for the three-year term of the agreement, for which sum, together with interest from May 1, 1918, and costs, judgment was prayed.

The defendant's answer to the amended complaint was filed April 20, 1920, wherein he denied all the material allegations thereof, and affirmatively set forth that the plaintiff by the terms of his employment was to be paid for services rendered the reasonable value thereof, which were and are not worth to exceed the sum of $1,500, which amount has been paid; that the plaintiff had voluntarily quit and abandoned defendant's service and employment on January 25, 1919, and since then has done nothing further thereunder. To this answer a reply was interposed, joining issue. Thereafter on February 2, 1923, with leave of court, the plaintiff filed an ''amendment to the amended complaint,'' in which ''for a second and further cause of action,'' it is alleged that between March 25, 1918, and January 25, 1919, the plaintiff performed work and labor consisting of the operation of defendant's ranch and in running livestock belonging to the defendant as a part of the ranch operations; that the reasonable value of the services so performed by the plaintiff is the sum of $13,654.79, no part of which has been paid except the sum of $830, and that there is now due the plaintiff from the defendant the sum of $12,823.99. On February 3, 1923, the defendant in answer to the ''amendment to the amended complaint'' denied the allegations thereof, and by way of further defense and counterclaim alleged that in a certain action brought in the district court of Meagher county, wherein the defendant, Richard Manger, was

plaintiff and the plaintiff herein, George E. Dreidlein, was defendant, it being an action in foreclosure, a deficiency judgment was made and entered on May 28, 1921, in favor of the defendant herein, Richard Manger, and against the plaintiff, George E. Dreidlein, in the sum of $1,616.36, for which amount defendant prayed judgment. To this answer of the defendant to plaintiff's ''amendment to the amended complaint,'' the plaintiff replied by general denial. Upon these pleadings the case was tried to a jury. At the conclusion of the plaintiff's case, the court sustained defendant's motion for a nonsuit as to plaintiff's first cause of action based on the alleged contract, because from the proof it appeared that the agreement alleged was not in writing, and consequently was invalid under the statute of frauds, and denied such motion as to the second cause of action pleaded in the ''amendment to the amended complaint,'' and also denied the defendant's motion to strike out all of plaintiff's testimony in support thereof. The case was submitted to the jury on the *quantum meruit,* as pleaded in plaintiff's ''amendment to the amended complaint,'' which returned a verdict in favor of the plaintiff for the sum of $8,159.59, upon which judgment was entered. Motion for a new trial was made and by the court denied. The appeal is from the judgment.

Appellant assigns twenty-nine alleged errors upon which reversal of the judgment is predicated, which in our opinion present but two questions necessary to be considered in disposing of this appeal. These will be considered in their order.

1. Was it error to admit evidence as to the alleged oral [1] agreement between the parties?

By statute it is provided: ''The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent: 1. An agreement that by its terms is not to be performed within a year from the making thereof, * * * '' (Sec. 7519, Rev. Codes 1921.) The language is plain and unambiguous, and general in application.

"The fact that a contract is to be or may be partly performed within a year does not take it out of the operation of the statute. The term 'performance' means complete performance. Thus, where a defendant agrees to perform certain acts during successive years, the fact that he performed the contract during some of the years does not take it out of the statute so as to render him liable for the breach of the contract on account of his refusal of further performance. It is also the general rule that the statute renders a contract not fully to be performed within a year, in so far as executory, unenforceable *in toto,* and does not permit it to be enforced against the defendant to the extent that its performance within a year is called for." (25 R. C. L. 461.)

And, "Ordinarily a contract not to be performed within a year is not taken out of the operation of the statute by a part performance by the plaintiff, for, as has been said, to hold that part performance is performance would be a nullification of the statute." (25 R. C. L. 463.)

In *Patten* v. *Hicks,* 43 Cal. 509, the court said: "The contract declared on was not to be performed within one year from the making thereof, and the parties having failed to reduce it to writing, or to make any note or memorandum thereof, it is within the statute of frauds and void. For the labor and services performed under this void contract the plaintiff can only recover on a *quantum meruit.*" (See, also, *Fuller* v. *Reed,* 38 Cal. 99.)

In *Ayotte* v. *Nadeau,* 32 Mont. 498, 81 Pac. 145, it was held that the statute of frauds has no application to a contract between tenants in common for the erection of a house on the common property by one at his own expense, requiring him to make equal division of the rents after those collected shall have equaled one-half the cost, the contract being executed on the surrender of possession of the property for the purpose agreed.

In *Ryan* v. *Dunphy,* 4 Mont. 342, 1 Pac. 710, it was held that a verbal contract for the sale of real estate is void under

the statute of frauds, and that when, during the progress of a trial, it appears that such a contract was oral, objection to evidence respecting the same should be excluded. This case was decided in 1882 upon the same statute of frauds now on our statute books, and was affirmed by the supreme court of the United States. (*Dunphy* v. *Ryan*, 116 U. S. 491, 29 L. Ed. 703, 6 Sup. Ct. Rep. 486 [see, also, Rose's U. S. Notes].)

Furthermore it is, by section 10613 of the Revised Codes of 1921, provided: "In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and subscribed by the party charged, or by his agent; evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents: 1. An agreement that by its terms is not to be performed within a year from the making thereof. * * * "

Our statute declares specified contracts as "invalid," which signifies: According to the Standard Dictionary (Funk & Wagnalls), "Having no force, weight, or cogency; void, null; not good." Webster's New International Dictionary, "Of no force, weight, or cogency; not valid; weak, specif. (Law), having no force or effect; void; null; as an invalid contract." Soule's Synonyms, "Void; null; of no legal force; null and void." Ironside's Handy Law Dictionary, "Void; of no effect." Kinney's Law Dictionary and Glossary, "Without force or legal efficacy; not valid; void." Anderson's Dictionary of Law, "Valid, having force, of binding force; legally sufficient or efficacious; authorized by law. Opposed, invalid." The Century Dictionary and Encyclopedia, "Not valid; of no force, weight, or cogency, weak; * * * in law, having no validity or binding force; wanting efficacy; null; void; as an invalid contract or agreement."

The expression "invalid," used in the lien law of New York, providing that chattel mortgages should be invalid under certain circumstances, was held to mean not valid; null or void. (*In re Thomas* (D. C.), 199 Fed. 214.) That which is "in-

valid" is not valid. In our opinion the word "invalid," as employed in these statutes, means void; of no force or effect. Therefore the contract cannot be relied upon or furnish evidence for any purpose.

Notwithstanding our plain statutory provisions, the plaintiff contends that, having fully performed his part of the contract for a period of more than one year, he is entitled to recover for past services rendered on the basis of the contract; that it furnishes the proper criterion in determining the amount due the plaintiff on the *quantum meruit,* having been partly executed; therefore, that evidence in support of the oral agreement was properly admissible. In support of his position the plaintiff argues that our statute of frauds does not render such an agreement as he had with the defendant *void,* but only renders it *unenforceable.* He cites several Montana cases which he asserts give support to this contention. Reference to them, however, discloses the fact that practically all of them arose under different statutory provisions; *i. e.,* those respecting contracts for the sale of lands or some interest therein. They are not in point in the instant case. As to such land contracts it is specially provided: "No agreement for the sale of real property, or of any interest therein, is valid, unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or his agent, thereunto authorized, in writing; but this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof." (Sec. 7593, Rev. Codes 1921.)

The cases cited and relied upon by counsel arise under this latter statute, or are without application. *Ducie* v. *Ford,* 8 Mont. 233, 19 Pac. 414, was an action to compel specific performance of a contract respecting the division of a mining claim after patent, the agreement having been entered into in advance of patent in settlement of an adverse claim. Held, that the agreement was within the statute of frauds; that relinquishing a disputed possession and abstaining from making

adverse claim did not constitute part performance. *McDonald* v. *Lannen*, 19 Mont. 78, 47 Pac. 648, merely held that a squatter's right to public domain for homestead entry may be transferred verbally; and that by the original locator placing another in possession of the land the transferee becomes his successor in interest. *King* v. *Benson*, 22 Mont. 256, 56 Pac. 280, held that no recovery can be had for services in effecting a sale of real estate unless the contract is in writing. *Featherman* v. *Hennessy*, 42 Mont. 535, 113 Pac. 751, involved the transfer of water rights, and it was held that the right to question the validity of an oral conveyance thereof is personal and may not be asserted by one who is neither party or privy to it. *Perkins* v. *Allnut*, 47 Mont. 13, 130 Pac. 1, held that a purchaser of real property under an oral agreement, who made partial payment on the purchase price and then voluntarily terminated the agreement, cannot recover back the amount paid, in the absence of a showing that the seller is unable or unwilling to carry out the contract. In *Babcock* v. *Gregg*, 55 Mont. 317, 178 Pac. 284, it was held that the exchange of one easement for an irrigating ditch over lands for another by parol agreement was not invalid where fully executed. *Wells* v. *Waddell*, 59 Mont. 436, 196 Pac. 1000, held that performance, partial or complete, of a parol lease of real estate, does not render it invalid under the statute of frauds.

However, it appears as a part of plaintiff's case, he did not rely upon the alleged contract as his measure of compensation after the termination of his contract; for, having borrowed $4,524.50 from the defendant two months after leaving defendant's employ, the plaintiff entered into a written agreement with the defendant, March 25, 1919, providing for repayment of the loan, wherein "it is further agreed by and between the party of the first part [Manger] and the party of the second part [Dreidlein] above mentioned, that the party of the first part is to pay all moneys due the party of the second part, for labor and services performed by the party of the second part, at Fort Logan, Montana, said work being performed at

the special instance and request of the party of the first part, at the First National Bank at White Sulphur Springs, Montana, the same to apply upon the purchase price above mentioned.'' Apparently his notion as to the proper standard to gauge his compensation was not definitely fixed in accordance with his present contention, until after he had filed an ''amendment to the amended complaint,'' more than four years after leaving defendant's employment.

In *Long* v. *Long*, 162 Cal. 427, 122 Pac. 1077, the supreme court of California, in construing a statute identical with our section 10613 held that ''Evidence of a contract which, by its terms, is not to be performed within a year from the making thereof cannot be received without the writing or secondary evidence of its contents, and that such contract must be in writing to be valid. The defendants objected to the evidence of this agreement, on the ground that it was incompetent evidence of such an agreement. The objection was well taken, and should have been sustained.'' (See, also, valuable footnote in L. R. A. 1916D, p. 892 *et seq.*)

The language used does not warrant interpretation that evidence of such an agreement may be received for some purpose and rejected as to others. The plain and unequivocal declaration is made that evidence of the agreement ''cannot be received.'' The contract being declared void, the receipt of evidence respecting its terms is prohibited; it can have no place in measuring the compensation to which the plaintiff may be entitled on the *quantum meruit* for services rendered.

We hold the plaintiff entitled to recover on the *quantum meruit* for services performed, but evidence of the alleged contract should be excluded for any purpose.

2. Was evidence in support of defendant's counterclaim [2, 3] properly excluded?

The statute authorizing counterclaims permits them ''in any action on contract, existing at the time of the commencement of the action'' (subd. 2, sec. 9138, Rev. Codes 1921), and a civil action is *commenced* in this state by the filing of a com-

plaint (*Id.*, sec. 9105). We do not know from the record when the original complaint in this case was filed, but it appears that the first amendment was filed March 20, 1920, full ten months before the defendant obtained judgment against the plaintiff, and, as the "amendment to the amended complaint" merely states the same cause of action in a separate count, we must hold that the action was *commenced* at the time of the filing of the original complaint. (*Clark* v. *Oregon Short Line R. R. Co.*, 38 Mont. 177, 99 Pac. 298; *Rairden* v. *Hedrick*, 46 Mont. 510, 129 Pac. 498.)

The amended complaint states a cause of action on paper, alleging a contract, its breach and resulting damages. Presumably the contract was in writing, but this appeared otherwise upon the introduction of evidence in support of the complaint. So that the action was commenced when the original complaint was filed and the "amendment to the amended complaint" related back to the date the original complaint was filed. This being so, the counterclaim cannot be said to have been in existence "at the time of the commencement of the action."

We hold that the trial court was correct in excluding testimony offered in support of the counterclaim.

The judgment is reversed and the cause remanded to the district court of Meagher county for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.