No. 14965

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

JOSEPH FRASER,

Plaintiff and Appellant,

vs.

DONALD D. EDMISTEN,

Defendant and Respondent.

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Chester L. Jones, Virginia City, Montana

For Respondent:

Burgess, Joyce, Prothero & Whelan, Butte, Montana

Submitted on briefs: April 25, 1980

Decided: SEP 8 - 1980

Filed: SEP 8 - 1980

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff, Joseph H. Fraser, appeals from a judgment in Madison County District Court denying his claim for restitution of payments made under an oral contract for the purchase of defendant's tavern. The defendant, Donald D. Edmisten, counterclaimed in the alternative for specific performance or forfeiture to him of the downpayments made by Fraser. The trial court granted only forfeiture of the downpayments.

Although plaintiff Fraser raises four issues, three of them are moot because they are directed at Edmisten's counterclaim for specific performance which the trial court did not grant. Nor has Edmisten appealed from the trial court's order refusing to grant his counterclaim for specific performance. Accordingly, the sole issue on appeal is the sufficiency of the evidence to support the judgment permitting forfeiture of the payments. We affirm.

A purchaser of real property under an oral agreement who voluntarily terminates the contract cannot recover partial payments on the purchase price so long as the seller is willing and able to perform his part of the agreement. Perkins v. Allnut (1913), 47 Mont. 13, 15, 130 P. 1, 1-2. Although Fraser relies in part on section 28-1-104, MCA, which codifies an exception to this general rule the statute has no application here. It provides:

> "Whenever by the terms of an obligation a party thereto incurs a forfeiture or a loss in the nature of a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party, except in the case of a grossly negligent, willful, or fraudulent breach of duty."

We have construed this statute to mean "that a person may obtain relief under it in any case where he sets forth facts which appeal to the conscience of a court of equity." Lewis v. Starlin (1954), 127 Mont. 474, 477-78, 267 P.2d 127, 128-29. Forfeiture cases involve two competing social policies. The general rule set forth in Perkins, supra, encourages enforcement of agreements though they may be technically deficient. Lewis v. Starlin, supra, 127 Mont. at 477, 267 P.2d at 128. On the other hand, we have noted that the law does not favor needless forfeitures. Parrot v. Heller (1976), 171 Mont. 212, 215, 557 P.2d 819, 820, relying on Yellowstone County v. Wight (1943), 115 Mont. 411, 417, 145 P.2d 516, 518. Section 28-1-104, MCA, strikes a balance between these competing policy considerations. It grants relief from forfeitures in most instances, but upholds forfeiture in the case of a "grossly negligent, willful, or fraudulent breach of duty by the person seeking relief from forfeiture." Here the trial court found that Fraser had indeed repudiated the contract.

To be entitled to relief, Fraser had to establish either (1) that the seller, Edmisten, was unwilling or unable to carry out the contract; or (2) that he, Fraser, had committed no "grossly negligent, willful, or fraudulent breach of the contract, while affirmatively setting forth facts that appeal to a court of equity." The trial court was not satisfied with his proof nor do we see any reason to upset the trial court's decision.

The trial court found that Edmisten was willing and able to carry out the contract. Thus, the fact that the contract was not in writing and therefore in violation of the statute of frauds, should not permit Fraser to prevail in his attempt at recovering his contract payments. A clear

factual dispute existed on this question, and it was resolved in favor of Edmisten. Fraser contends that the federal tax liens on the property still existing at the time of trial demonstrated Edmisten's inability to transfer clear title. But Edmisten testified at length concerning his assets, solvency and ability to pay off the lien and provide clear title to Fraser. He said he would have provided a clear title when the parties signed a contract. The evidence suffices to justify a finding in favor of Edmisten on this issue.

The trial court also found that Edmisten made no misrepresentations to Fraser and thus concluded that Fraser had not made a showing sufficient to move a court of equity to relieve him of the forfeiture. The evidence supports this conclusion. The evidence is sufficient to justify the finding that Edmisten was "ready, willing, and able" to furnish either title insurance or an abstract of title to Fraser. Edmisten testified that he would have provided one or the other when the contract was signed. He further testified that the proposed written contract between the parties expressly required him to guaranty clear title to Fraser. The trial court found that Edmisten had discharged all of the liens encumbering the property except for the federal tax lien that was "of record." The evidence supports these findings. Fraser admitted he knew that Edmisten had renewed the tavern's liquor license and had paid the back state taxes on the premises. Furthermore, Fraser's attorney introduced into evidence a certified copy of the notice of a federal tax lien encumbering the premises. At that time, he stated that it was on file in the Madison County Clerk and Recorder's Office. The details of the lien against the property were readily accessible to

Fraser. He cannot complain, therefore, that he was not able to learn the specifics of the tax liens.

The judgment of the District Court is affirmed.

_____
                         Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
                Justices