No. 81-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

PONDEROSA PINES RANCH, INC.,
a Mont. corp.,

        Plaintiff and Appellant,

   -vs-

STANLEY W. McBRIDE,

        Defendant and Respondent.

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, The Honorable
W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Landoe, Brown, Planalp, Kommers & Lineberger,
        Bozeman, Montana

    For Respondent:

        Bennett & Bennett, Bozeman, Montana

Submitted on Briefs: December 3, 1981

Decided: March 25, 1982

Filed: MAR 25 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Ponderosa Pines Ranch, Inc. appeals from a judgment in the Eighteenth Judicial District, Gallatin County, dismissing its complaint seeking cancellation of a land sale contract with Stanley McBride.

On July 24, 1978, the parties entered into a sales contract under which McBride was to purchase a tract of land from Ponderosa. The contract provided:

> "Time is of the essence of this contract. In the event the buyer shall fail to pay any installment as and when due, the Seller shall, 45 days or more thereafter, have the right to cancel this contract by notice thereof mailed by registered or certified mail to the Buyer . . ."

On February 6, 1981, Ponderosa filed its complaint alleging that McBride was a year behind in his monthly payments and that he had been sent notice of the default. Ponderosa demanded that the District Court order the cancellation of the contract, remove the contract as a cloud on Ponderosa's title, require McBride to vacate the premises, and decree that Ponderosa had title to the property.

On February 24, 1981, McBride filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. The motion was not accompanied by a brief and was not ruled on by the District Court.

On March 4, 1981, McBride filed a notice of tender with the District Court, accompanied by a certified check for $5,308.48, representing the full sum due and owing plus interest. That same day McBride filed a motion to dismiss on the ground that all sums due and owing Ponderosa had been tendered by deposit with the Clerk of the District

Court. The motion to dismiss included notice to Ponderosa that McBride would present the motion to the District Court on March 16, 1981, at 10:00 a.m. No brief was filed by McBride in support of this motion to dismiss.

The hearing was held as scheduled on March 16, 1981. McBride's counsel was present, but neither Ponderosa nor its counsel attended. The District Court granted McBride's motion to dismiss on March 18, 1981, and ordered: (1) that Ponderosa's action be dismissed with prejudice; (2) that the amount tendered by McBride be delivered to Ponderosa in satisfaction of all amounts due and owing Ponderosa in the transaction; and, (3) that Ponderosa deliver to McBride a warranty deed to the property. Ponderosa moved to amend its complaint on April 2, 1981, and a hearing on the motion was held on April 13, 1981. The District Court did not specifically rule on this motion, but the amended complaint was never filed. At the hearing, Ponderosa indicated that it had not been served with a copy of the District Court's order of March 18, 1981. Ponderosa subsequently submitted an affidavit to that effect, and on April 16, 1981, filed a motion to set aside the order of the court and allow plaintiff to file an amended complaint. The motion was argued on May 11, 1981. In an order filed May 12, 1981, the District Court denied Ponderosa's motion. The order contains the following statement:

"The Court does not file a Memorandum here. The Defendant's brief in opposition sets out in chronological order the events concerning the matter before the court. It also cites the law, and I think properly the conclusion, therefore, I do not file my own Memorandum in this instance."

Ponderosa appeals from the dismissal order of March 18, and from that portion of the May 12 order refusing to set aside the dismissal.

-3-

The issue on appeal is whether the District Court erred in dismissing Ponderosa's complaint or in subsequently refusing to set aside its judgment of dismissal. We find there are insufficient facts in the record to determine whether or not McBride is entitled to relief from forfeiture under section 28-1-104, MCA. We therefore remand the case for a hearing on the question of whether McBride's actions constituted a "grossly negligent, willful, or fraudulent breach of duty."

Section 28-1-104, MCA, cited by both parties, is dispositive of this appeal. The statute states:

> "Relief from forfeiture. Whenever by the terms of an obligation a party thereto incurs a forfeiture or a loss in the nature of a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

This statute has proved a popular source of litigation in Montana. Fraser v. Edmisten (1980), ___ Mont. ___, 616 P.2d 360, 37 St.Rep. 1607, states: "[w]e have construed this statute to mean 'that a person may obtain relief under it in any case where he sets forth facts which appeal to the conscience of a court of equity' [citation omitted]." 616 P.2d at 362, 37 St.Rep. at 1608. See also Parrot v. Heller (1976), 171 Mont. 212, 214, 557 P.2d 819, 820. Fraser also states that section 28-1-104 "grants relief from forfeitures in most instances, but upholds forfeiture in the case of a 'grossly negligent, willful, or fraudulent breach of duty [by the person seeking relief from forfeiture].'" 616 P.2d at 362, 37 St.Rep. at 1608. It is the duty of the defaulting purchaser to show that he is equitably entitled to relief from forfeiture and that his breach of duty was not grossly negligent, willful, or fraudulent. State ex rel. Howeth v.

D. A. Davidson & Co. (1973), 163 Mont. 355, 369, 517 P.2d 722, 730; Ellinghouse v. Hansen Packing Co. (1923), 66 Mont. 444, 449, 213 P. 1087, 1089; 19 Mont. L. Rev. 50 (1957).

The record is devoid of any pleading or evidence that would entitle McBride to relief from forfeiture under the statute. He prevailed below on the basis of an uncontested motion to dismiss. It is when the defaulting purchaser can make a showing that he is equitably entitled to such relief and that his breach of duty was not grossly negligent, willful, or fraudulent that the courts will in proper cases, relieve the defaulting purchaser from the forfeiture. Howeth, supra, 163 Mont. at 369, 517 P.2d at 730.

When confronted with the complaint demanding forfeiture, McBride should have filed an affirmative defense in his answer alleging the reasons he was entitled to relief from forfeiture under section 28-1-104. In this case, however, McBride filed a motion to dismiss rather than an answer. McBride's first motion was not ruled on by the District Court. His second motion to dismiss, however, which was filed shortly after the first, was set for hearing on March 16, 1981. The motion was presented as scheduled, but Ponderosa did not attend the hearing. The motion was granted. Only two other hearings were held in the case. The first, held on April 13, 1981, concerned Ponderosa's motion for leave to amend complaint. No formal ruling was made on this motion. On April 15, 1981, Ponderosa filed a memorandum in which it was argued that the order should be set aside on procedural grounds and that Ponderosa should be allowed to file an amended complaint. On April 16, 1981, a second motion was filed by Ponderosa. This one was titled "Motion to Set

-5-

Aside Order of the Court and Allow the Plaintiff to File an Amended Complaint." Ponderosa did not file an additional memorandum. On April 21, 1981, McBride filed a brief in opposition to Ponderosa's latest motion. The brief argues: (1) that the District Court acted properly in treating McBride's motion to dismiss as a motion for summary judgment; (2) that Ponderosa failed to appear and resist the motion; and, (3) that Ponderosa waived any right to object to the tender by failing to affirmatively state the objection. The third and final hearing was held on May 11, 1981. It concerned Ponderosa's second motion. The motion was denied.

None of the hearings were recorded and the only evidence we have of what transpired at them are the minutes of the hearings, the briefs filed in support of the motions, and the orders of the District Court based on the hearings. Nowhere is there any evidence that McBride has satisfied the requirements for relief from forfeiture called for by section 28-1-104, MCA, and Montana case law. That is, he has neither alleged nor proved that his action did not constitute a "grossly negligent, willful, or fraudulent breach of duty," and he has not presented any facts which would "appeal to the conscience of a court of equity." Absent such a showing, McBride is not entitled to relief from the forfeiture clause of the contract. The case is reversed and remanded for further proceedings in accordance with this opinion.

_____
Justice

-6-

We Concur:

_Frank I. Haswell_
Chief Justice

_Gen P Daly_

_Daniel J. Shea_

_John Conway Harrison_
Justices