No. 84-471

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

MASSAR CATTLE CO., INC., FRED
W. MASSAR, et al.,

            Plaintiffs and Respondents,

    -vs-

DONALD REESE, D.J. REESE, PATRICIA
and MELLISH PALLAS, et al.,

            Defendants and Appellants.

APPEAL FROM:  District Court of the Fifth Judicial District,
              In and for the County of Madison,
              The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

            David L. Holland, Butte, Montana
            Max Hansen, Dillon, Montana

    For Respondents:

            Schulz, Davis & Warren, Dillon, Montana

Submitted on Briefs:  April 4, 1985

Decided:  May 2, 1985

Filed:  MAY 2 1985

*Ethel M. Harrison*
—————————————————————————————
                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal by the appellants from a summary judgment entered against them in the District Court, Fifth Judicial District, Madison County. We affirm.

On September 28, 1979, Massar Cattle Co., Inc. and Donald and D. J. Reese entered into a contract for deed wherein Massar agreed to sell and Reese agreed to buy certain ranching property located in Madison County, Montana. The terms of the agreement provided for a purchase price of $420,000 to be paid as follows: $15,000 upon execution of the agreement, $15,000 on October 15, 1979, $20,000 on April 1, 1980, $50,000 on September 30, 1980 and an $8,000 interest payment on April 1, 1981. The above sums were to comprise a $100,000 downpayment plus interest. The $320,000 balance of the purchase price was to be paid in annual installments of $33,907.20 due on September 30 of each year for the years 1981 through 1988. The entire unpaid balance of the principal and interest due under the contract was to be paid on September 30, 1989. Interest was assessed at $9\frac{1}{2}$% per annum on the unpaid balance starting on September 30, 1980. Reese paid the first two installments of $15,000 on the downpayment then on May 28, 1980 assigned his interest in the contract to Patricia Ann Pallas. Massar consented to the assignment. Mrs. Pallas entered the land and commenced making payments under the contract to Massar. Pallas made all the remaining payments necessary to satisfy the downpayment plus the 1981 and 1982 annual installments of $33,907.20. Pallas failed to make the September 30, 1983

payment under the contract. Massar mailed a notice of default to Pallas on October 4, 1983.

Pallas failed to tender the overdue installment to Massar within the 60-day grace period set forth in the default clause of the contract. The "default clause" in essence provided that Massar would have the option of (1) obtaining a quit claim deed from Reese (assignee Pallas); being relieved of any further obligation under the contract; retaining all payments as rents or liquidated damages; and requiring Reese (Pallas) to vacate the land and disclaim any interest therein; or (2) declare the entire sum due and payable and seek any appropriate legal remedy.

When Pallas failed to comply with the above provision, forfeit her interest, and vacate the premises, Massar filed suit on March 6, 1984. The suit prayed that Pallas' interest in the contract be terminated, her payments forfeited, and that all title and right to and possession of the property be returned to Massar. Pallas filed a motion to dismiss on March 28, 1984 but did not file an answer to the Massar complaint. Massar served combined interrogatories and requests for admissions on Pallas on April 9, 1984. Pallas did not answer them. Thereafter, Massar moved for summary judgment and a hearing was set for June 5, 1984. The District Court granted plaintiff Massar's motion for summary judgment on June 5, 1984, but later on June 12, 1984 the court vacated its order of summary judgment and set a new hearing for July 3, 1984. At the July 3, 1984 hearing to consider plaintiffs' motion for summary judgment the District Court allowed defendant Pallas to testify. Based on her testimony and the unanswered interrogatories and requests for admissions which were deemed admitted, the District Court on

- 3 -

July 6, 1984 granted plaintiffs' motion for summary judgment and issued a writ ordering the Sheriff of Madison County to assist plaintiffs in taking possession of the property. This appeal follows.

Appellants contend that there exists a genuine issue of material fact on whether, on both statutory and equitable grounds, a forfeiture should be granted. Such a contention is without merit. The law in Montana on summary judgment is well settled. See Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 637 P.2d 509. Appellants failed to answer the complaint within 20 days of service of the complaint and summons as prescribed by Rule 12(a), M.R.Civ.P. No leave of the court to file an untimely answer was requested and no answer was ever served or filed. As a result the averments in respondents' complaint are deemed admitted. Rule 8(d), M.R.Civ.P. Appellants did not answer respondents' requests for admissions so the requests are also deemed admitted. Rule 36(a), M.R.Civ.P. The District Court, though not required to do so, allowed appellants to testify at the summary judgment hearing. Based on the above, there is no material issue of fact with regard to appellants' assumption of the Reese contract for deed, appellants' failure to make the September 1983 payment, the existence of the forfeiture clause in the contract and respondents' compliance with the notice provisions necessary to enforce the forfeiture clause, and appellants failure to tender payment due under the contract.

The District Court ruled as a matter of law that § 28-1-104, MCA, was inapplicable to the facts of this case and ordered that the forfeiture clause of the contract be specifically enforced. Section 28-1-104, MCA, clearly does

not apply because the appellants failed to tender any compensation to Massar.

Appellants contend for the first time on appeal that they are entitled to equitable relief from forfeiture. Appellants did not plead equitable relief from forfeiture as an affirmative defense. We held in Sundial Land Co. v. Gold Creek Ranches (1982), 198 Mont. 247, 252, 645 P.2d 936, 939, that forfeiture is an affirmative defense and must be pleaded in defendant's answer. We need not consider this issue for the first time on appeal.

Respondents requested in their brief that this Court order the District Court to award attorney fees to them pursuant to the terms of the contract. We will not consider any relief to the respondents in excess of the District Court's judgment unless the respondents have filed a cross-appeal. Rule 5, M.R.App.Civ.P. No cross-appeal was filed. The judgment of the District Court is affirmed.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices