No. 93-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

BECKY BEE BLAKELY, Trustee for Blakely
Farms, a Wyoming Trust,

       Plaintiff and Appellant,

v.

REIDAR E. KELSTRUP and
DELORES J. KELSTRUP,

       Defendants and Respondents.



APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Eric Rasmusson, Boulder, Montana

       For Respondents:

       Terry Schaplow, Bozeman, Montana


Submitted on Briefs:  September 8, 1994

Decided:  October 13, 1994

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Becky Bee Blakely, as trustee for Blakely Farms, a Wyoming trust, appeals from a decision of the District Court for the Eighteenth Judicial District, Gallatin County. That court dismissed, without prejudice, her complaint for forcible detainer, ejectment, wrongful occupation, and reentry. We vacate and remand for further proceedings consistent with this Opinion.

The issue is whether the District Court erred in dismissing the complaint.

In 1976, Yolanda Blakely entered into a contract for sale of real estate in Gallatin County, Montana, to Reidar and Delores Kelstrup, husband and wife. The total purchase price was $220,000. Blakely acknowledged payment by the Kelstrups of $40,000 of this amount upon execution of the contract. Under the contract, the Kelstrups were to pay the remainder of the purchase price in yearly installments of $13,000 on January 5 of each year.

In November 1988, the District Court awarded Blakely judgment of $26,000 for annual payments due but not paid on the contract in January of 1987 and 1988. The court also ruled that the parties had agreed to an increased interest rate on the contract. However, the court decreed that the annual payment would remain at $13,000 and the increased rate of interest would be included in a balloon payment at the end of the contract.

In April 1993, Blakely assigned her interest in the contract to her daughter, Becky Bee Blakely, trustee for Blakely Farms. Becky Bee immediately filed this action against the Kelstrups. The complaint alleged that the Kelstrups defaulted on the contract by failing to make the payment due on January 5, 1990. It further alleged that in June 1990 Blakely gave the Kelstrups notice of default, and on December 30, 1991, Blakely gave the Kelstrups a three-day notice to vacate the property, with which the Kelstrups did not comply. The complaint stated the Kelstrups have defaulted on the contract and that they, "by fraud, force, or by menaces and threats of violence unlawfully hold and keep possession of the Property." The complaint also included counts charging the Kelstrups with wrongful and unlawful ouster and ejectment, and wrongful occupation of the property pursuant to § 27-1-318, MCA. The relief requested included forfeiture of any interest held by the Kelstrups in the property.

Reidar Kelstrup died in May 1993. In August of that year, the District Court granted Delores Kelstrup's motion to dismiss the complaint. In a memorandum explaining the ruling, the court stated:

> In event of [the Kelstrups'] default under the contract involved in this matter, [Blakely]'s exclusive remedy is to foreclose [her] interest in a mortgage foreclosure proceeding. The action brought by [Becky Bee] is not the remedy which the contract provides, and therefore must be dismissed.

3

*Becky Bee appeals.*

Did the District Court err in dismissing the complaint?

Our standard of review in an equity case such as this one is set forth at § 3-2-204(5), MCA:

> [T]he supreme court shall review all questions of fact arising upon the evidence presented in the record, whether the same be presented by specifications of particulars in which the evidence is alleged to be insufficient or not, and determine the same, as well as questions of law, unless for good cause a new trial or the taking of further evidence in the court below be ordered.

Under this Court's equitable jurisdiction, "[w]e have a duty to determine all of the issues of [the] case and to do complete justice." Peterson v. Montana Bank of Bozeman (1984), 212 Mont. 37, 49, 687 P.2d 673, 679.

The contract between Blakely and the Kelstrups provided:

> In the event that [the Kelstrups] shall be in default in making any payment of principal or interest as herein specified . . . or shall fail in other respects to keep and perform the covenants and agreements herein contained for a period of thirty (30) days, then in that event, [Blakely] shall be entitled to declare [the Kelstrups] in default under the terms of this contract by giving [the Kelstrups] written notice by registered mail, which notice shall state the particulars in which [the Kelstrups] are in default, and unless [the Kelstrups] shall cure such default within ninety (90) days from the date of mailing this notice, then in that event, the whole amount of the balance of the purchase price of said property shall thereupon become due and payable at the option of [Blakely], and the equity of [the Kelstrups] in said real estate may be foreclosed and their interest in said real estate sold under foreclosure proceedings applicable to the foreclosure of mortgages; or [Blakely]

4

shall, at her option, be released from all obligation in law or equity to convey said property and [the Kelstrups] shall forfeit all right thereto, and all improvements and payments made hereunder shall be taken and considered as rent and liquidated damages and as a part of the consideration for entering into this agreement. [Emphasis added.]

The contract clause underlined above plainly states that forfeiture of the Kelstrups' interest in the property is available as an alternative to foreclosure as a remedy for default, at Blakely's option. Therefore, we conclude the District Court erred in ruling that foreclosure was the exclusive remedy allowed under the contract between Blakely and the Kelstrups.

In their briefs on appeal, the parties argue whether the causes of action which were pled in the complaint may be applied to these facts. In the absence of rulings on these matters by the District Court, we decline to address those issues at this time.

However, it appears to the Court that the provision of § 28-1-104, MCA, concerning relief from forfeiture may apply to this case. In pursuit of our duty to do complete justice in equitable matters, we provide the following discussion on the applicability of that statute.

Section 28-1-104, MCA, provides:

Whenever by the terms of an obligation a party thereto incurs a forfeiture or a loss in the nature of a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.

5

In discussing this statute, which has been a part of the law of Montana since 1895, this Court has stated:

> The intention of the law under this statute is that a forfeiture should not be needlessly enforced. The courts have established that as the policy of the law in the absence of statute. The rule as it has found expression in court decisions generally is that both in law and in equity forfeitures are abhorred.

Yellowstone County v. Wight (1944), 115 Mont. 411, 417-18, 145 P.2d 516, 518. A contract which requires forfeiture in case of default does not divest a court of equity of its power to relieve a party from the consequences of his default. Sharp v. Holthusen (1980), 189 Mont. 469, 474, 616 P.2d 374, 377.

The briefs filed with this Court and the pleadings filed in the District Court establish that, in addition to their $40,000 down payment, the Kelstrups made at least eleven annual payments on the contract with Blakely, in the amount of $13,000 each. This payment of a substantial portion of the contract price mitigates against forfeiture and supports the application of § 28-1-104, MCA, to this case. See Kovacich v. Metals Bank and Trust Co. (1961), 139 Mont. 449, 365 P.2d 639 (a party seeking application of § 28-1-104, MCA, must set forth facts which will appeal to a court of equity).

Before a party will be granted relief from forfeiture under § 28-1-104, MCA, the party must offer to make full compensation under the contract and the claim for relief from forfeiture must be

6

pled as an affirmative defense. Masser Cattle Co., Inc. v. Reese (1985), 216 Mont. 22, 699 P.2d 87. It appears these two requirements also have been met in this case. First, Becky Bee has not refuted Kelstrup's assertion that she has offered to make full payment on the contract but that this offer has been rejected. Second, the Kelstrups' answer to the complaint against them included an affirmative defense that "Plaintiff seeks a forfeiture of a real estate contract, which is disallowed by law."

Finally, in determining whether § 28-1-104, MCA, should be applied to this case, findings must be made as to whether the Kelstrups' failure to comply with the contract terms constituted a "grossly negligent, willful, or fraudulent breach of duty." Ponderosa Pines Ranch, Inc. v. McBride (1982), 197 Mont. 301, 303, 642 P.2d 1050, 1052. The record has not been developed on this issue.

We hold that the District Court must specifically address the issue of forfeiture and the application of § 28-1-104, MCA, to this case. We vacate the order of dismissal entered by the District Court and remand for further proceedings consistent with this Opinion.

Chief Justice

7

We concur:

_John Conway Harrison_

_Karla M. Gray_

_William E Hunt Sr_

_Terry Trieweiler_

_[signature]_

_[signature]_

Justices

October 13, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Eric Rasmusson
Attorney at Law
P.O. Box 587
Boulder, MT 59632

Terry Schaplow, Esq.
Attorney at Law
1700 West Koch, Suite 11
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy