PAUL J. KOVACICH and MARIE T. KOVACICH, Husband and Wife, Plaintiffs and Appellants, v. METALS BANK AND TRUST COMPANY, a Corporation, Defendant and Respondent.

No. 10228.

Submitted September 21, 1961. Decided October 26, 1961.

365 P.2d 639

J. B. C. Knight (argued orally), W. J. Dahood (argued orally), Anaconda, for appellants.

Corette, Smith & Dean, Kendrick Smith (argued orally), Butte, for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the second judicial district of the State of Montana, in and for the County of Silver Bow, entered following the sustaining of a demurrer to the plaintiffs' amended complaint.

The plaintiffs, Paul J. Kovacich and his wife, in their amended complaint, made the following allegations:

That on February 25, 1959, they purchased a new trailer house from Dean Doak Trailers. At that time a conditional sales contract was entered into by the plaintiffs and the seller. The contract was then assigned by the seller to the Metals Bank and Trust Co., the defendant. Thereafter, the plaintiffs made monthly payments, defaulting in September 1959. The plaintiffs allege they were unable to make full payments after September 1959, because of the wide-spread copper strike. Plaintiffs did make a partial payment which is alleged was made in reliance on a new agreement with the defendant.

The new agreement in essence was that defendant Bank would not repossess the trailer during the strike period if plaintiffs made an honest effort to pay. Plaintiffs cite the partial payment of $100 as the indicia of their reliance on the agreement.

The Bank, after a default of three months and over the objections of the plaintiffs, repossessed the trailer house in November 1959. Pursuant to the contract provisions, the Bank declared the entire amount paid by plaintiffs forfeit as liquidated damages for the reasonable rent of the property.

The plaintiffs ask to be relieved of a forfeiture of $2,175. This amount was arrived at by taking the total payments made by the plaintiffs of $2,850 (which represents a trade-in as the down-payment, credited at $2,000) and subtracting $675 which is alleged as reasonable rental for the trailer.

The defendant demurred to the amended complaint on the ground that it failed to state a cause of action.

Prior to an examination of the issue whether the amended complaint stated a cause of action, the new agree-

ment alleged by the plaintiffs should be considered. The alleged new agreement lacks legal validity. As students of the law we are all aware of the consideration requirement in a contract. The rule is well-established that a promise to do what a person is already obligated by law or contract to do is not sufficient consideration for a promise made in return. Hewitt v. Novak, 117 Mont. 365, 158 P.2d 627; Williston, Contracts (3d ed.), § 130, p. 531.

Turning to the issue whether the amended complaint stated a cause of action.

Plaintiffs' claim for relief is based on section 17-102, R.C.M. 1947, which states: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful, or fraudulent breach of duty."

A plaintiff in order to claim relief from a forfeiture must come within the provisions of section 17-102, supra, as the common law will not override the provisions of this section. See Joy v. Little, 138 Mont. 110, 354 P.2d 1035.

It has been repeatedly held by this court that to come within the provisions of section 17-102, supra, a party must set forth facts of a forfeiture which will appeal to the conscience of a court of equity. Fontaine v. Lyng, 61 Mont. 590, 202 P. 1112; Estabrook v. Sonstelie, 86 Mont. 435, 284 P. 147, 149.

The holding in the Estabrook case is that financial inability is not sufficient to appeal to the conscience of a court of equity. Our courts cannot make new contracts for parties and certainly with the prevalence of conditional sale contract financing today we must interpret the provision of such contracts as they appear. As we said in the Estabrook case:

"A · court may not set aside the deliberate contracts of

parties because time has demonstrated that the obligation of one of the parties was onerous or unprofitable. This court in Edwards v. Muri, supra, [73 Mont. 339, 237 P. 209] quoted with approval the applicable rule taken from Lawrence v. Miller, 86 N.Y. 131, as follows: 'The defendant came by it [meaning the purchase price paid] rightfully, in pursuance of a contract lawfully made, between competent parties. He has made no breach of that contract. He has failed in no duty to the vendee. Wherefore, then, should he give up that which was rightfully his own? When and whereby did it cease to be his and to be due to the vendee? If the contract had been kept by both parties, the money paid would still be his of right. * * * To allow a recovery of this money would be to sustain an action by a party on his own breach of his own contract, which the law does not allow * * *; to maintain this action would be to declare that a party may violate his agreement, and make an infraction of it by himself a cause of action. That would be ill doctrine.' "

Under the circumstances here alleged, the demurrer was properly sustained. The judgment is affirmed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.