No. 13373

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

DEWEY I. PARROTT, HAROLD M. PARROTT,
MANILA B. McGUIRE, a/k/a MANILA B. PARROTT,
and DALE SCHNEIDT, Executor of the Estate
of Zula M. Schneidt,

        Plaintiffs and Appellants,

-vs-

VERN HELLER and GRACE HELLER, husband and
wife,

        Defendants and Respondents.

Appeal from: District Court of the Fourteenth Judicial District,
            Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellants:

        Peterson and Hunt, Billings, Montana
        Richard J. Hunt argued, Billings, Montana

    For Respondents:

        Johnson and Foster, Lewistown, Montana
        Robert L. Johnson argued, Lewistown, Montana

Submitted: October 12, 1976

Decided: DEC 13 1976

Filed: DEC 13 1976

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by plaintiffs from a judgment of the district court, Wheatland County, dismissing their complaint for forfeiture under a contract for deed.

These facts are not in dispute: On December 12, 1966, defendants Vern and Grace Heller purchased the property involved on a contract for deed from one Irven L. Parrott. The contract called for a total consideration of $56,766.51. A $7,000 down payment was made, defendants assumed an existing mortgage in the amount of $3,533.03 and agreed to pay the sum of $3,000 annually plus 6% interest per annum on the unpaid principal. The installment payments were to be made on December 15, beginning with the year 1967 and continue until the entire contract was paid.

Defendants made payments approximately on schedule for the years 1967, 1968, 1969 and 1970. However, they failed to make the payments due December 15, 1971 and December 15, 1972. As a result on January 17, 1973, plaintiffs, successors to Irven Parrott's interest in the contract, agreed with defendants to amend the contract in an effort to clarify the default provision. At the time the amendment was executed, defendants paid the sum of $10,045.55, making the contract payments current to December 15, 1972.

When the payment scheduled for December 15, 1974, was again not made on schedule, defendants on December 21, 1974, were served with a notice of default. Defendants then issued a check for the installment payment but that check was not honored by the payee bank. The check was never paid.

- 2 -

Plaintiffs filed a complaint for forfeiture of the contract on March 26, 1975. Prior to trial, on September 4, 1975 defendants tendered a certified check to the escrow agent bank in full payment of the unpaid contract principal and interest. Counsel for defendants was advised prior to tender that the escrow agent bank would receive the funds but they would not be applied to the contract pending mutual agreement of the parties or order of the court.

Following trial of the action, the district court judgment relieved defendants of default and allowed them to redeem the property. As a basis for its judgment, the district court found failure to pay was not due to gross negligence or any willful or fraudulent breach of duty and payment of the entire contract balance was made within a reasonable time after service of notice of default. Plaintiffs appeal.

The sole issue presented on appeal is whether the district court erred in finding defendants' default was not due to any grossly negligent, willful or fraudulent breach of duty.

Section 17-102, R.C.M. 1947, provides:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

Plaintiffs contend the record does not support the relief from forfeiture granted by the district court under section 17-102. We believe it does.

This particular statutory section has been the source of much litigation in Montana. See: 19 Montana Law Review 50 (1957). In numerous cases the statute has been construed to provide a person with relief from forfeiture, "in any case where he sets

forth facts which appeal to the conscience of a court of equity."
Greenup v. United States, 239 F.Supp. 330,332, Kovacich v. Metals
Bank & Trust Co., 139 Mont. 449, 451, 365 P.2d 639; Blackfeet
Tribe v. Klies Livestock Company, 160 F.Supp. 131.

This Court in Yellowstone County v. Wight, 115 Mont. 411,
417, 145 P.2d 516, said:

> "Section 8658, Revised Codes [now section 17-102,R.C.M.
> 1947] was enacted for the benefit of obligors whose
> failure to punctually perform would result in loss to
> them in the matters in respect to which they have con-
> tracted. The intention of the legislature in enacting
> the statute was that it should be operative and that it
> should be given full force and effect when the circumstances
> in any case gave it application. The intention of the law
> under this statute is that a forfeiture should not be
> needlessly enforced. The courts have established that
> as the policy of the law in the absence of statute.
> The rule as it has found expression in court decisions gener-
> ally is that both in law and in equity forfeitures are
> abhorred. * * *"

See: Lester v. J & S Investment Company, ____Mont.____, ____P.2d
_____, 133 St. Rep. 1104, decided November 23, 1976.

Here, the dishonored check was for approximately $4,600
but at the time it was presented for payment defendants only had
slightly more than $3,000 in their checking account. Defendants
cited crop failures and inability to collect from their debtors
as reasons for the shortage. The record also discloses various
attempts by defendants to secure the necessary funds from other
sources. Defendant Vern Heller tried to secure a loan from a
Harlowton bank and from the Federal Land Bank Association. His
efforts were not successful because of a judgment against de-
fendants' property. Prior to issuing a check for the annual payment
both defendants secured employment off their ranch to help meet the
obligation, Vern Heller worked long hours on construction and
Grace Heller worked as a housekeeper in the local hospital.

Defendants were finally able to make the accelerated payment on the contract only when Vern Heller's brother reached a financial position where he could advance them sufficient money on an open note.

In summary, the record discloses that defendants made good faith efforts to raise the necessary money in time for the installment payment but because of temporary circumstances outside their control were unsuccessful until Vern Heller's brother was able to assist. Once defendants did secure the necessary funds, the entire contract balance plus interest, was promptly tendered to plaintiff's escrow agent.

The facts of this action present a clear case for application of section 17-102, R.C.M. 1947.

The judgment of the district court is affirmed.

_____
                          Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. LeRoy L. McKinnon, District
Judge, sitting for Justice Wesley
Castles.