No. 87-116

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

DOUGLAS F. EIGEMAN,

> Plaintiff and Appellant,

-vs-

LLOYD J. MILLER and BETTY J. MILLER,

> Defendants and Respondents.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Church, Harris, Johnson & Williams; Richard F.
Gallagher, Great Falls, Montana

For Respondent:

Emmons & Coder; H. William Coder, Great Falls,
Montana
Cotter & Cotter; Patricia O'Brien Cotter, Great
Falls, Montana

_____

Submitted on Briefs: July 14, 1987

Decided: October 27, 1987

Filed: OCT 27 1987

_Ethel M. Harrison_
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Eigeman brought this action for forfeiture of the Millers' contract right to property they purchased from him on a contract for deed. The District Court for the Eighth Judicial District, Cascade County, dismissed the complaint. Mr. Eigeman appeals. We reverse and remand for trial.

The dispositive issues are:

1. Did the District Court err in failing to find that the Millers must tender the full balance due under the contract in order to be entitled to the benefits of the antiforfeiture statute, § 28-1-104, MCA?

2. Did the court err in finding and concluding that the contract's shortening of notice provision is unconscionable as applied and that the default notices were inadequate and fatally defective?

In September 1982, Mr. Eigeman agreed to sell the Millers a piece of commercial property in Great Falls, Montana, under a contract for deed. The Millers used their equity in a home as the downpayment on the contract. Mr. Eigeman's interest in the property was based on a lease with an option to buy. His lessors gave their written agreement that they would pass title to him when the Millers paid off the option price under the lease-option. The Eigeman-Miller contract requires the Millers to pay $1,480.16 on the 10th of each month.

Paragraph 7 of the Eigeman-Miller contract provides that if the Millers default in making any payment, and if the default continues for 10 days, then Mr. Eigeman may give notice to the Millers of the default claimed. If the first default claimed is not cured within 30 days of the notice, then the contract is in default and Mr. Eigeman may elect to either sue for the entire balance remaining unpaid, repossess

the property, or foreclose the contract as a real estate mortgage. Paragraph 8 provides:

> 8. If, after the first notice of default, the Purchasers cure or correct the default or defaults, and if there is a subsequent default, the periods of time are shortened to FIVE DAYS (5) after the existence of the default before the notice can be given, and to TWENTY DAYS (20) as the period within which the default may be cured. If, after this TWENTY DAYS (20) notice the Purchasers cure the default or defaults complained of, and a subsequent default exists, the periods are further shortened to THREE DAYS (3) after the default before the notice can be given, and to TEN DAYS (10) within which to cure the default. If there is a default after THREE (3) notices have been given to the Purchasers, then the Sellers need give no further notice and may forthwith elect one of the three alternatives described above in the paragraph under defaults, No. 7.

The record of payments to the escrow account shows that the Millers never once made their payments on time, although they were never more than 13 days late. Beginning in August 1984, Mr. Eigeman gave the Millers notices of default for late payments. The notice of default for September read:

<u>NOTICE OF DEFAULT</u>

Per the contract for Deed dated the 10th day of September, 1982, you are in default of Article 7 of that agreement, in that the payment of $1,480.16 was not paid by September 10, 1984. The property affected by the agreement is described as follows:

> Lot 5, Block 3, Charles Russell Addition to Great Falls, Cascade County, Montana according to the officially recorded plat thereof on file and of record in the office of the Clerk and Recorder of Cascade County, Montana.

Demand is hereby made under Article 7 of the agreement.

3

The other default notices were substantially the same as the September notice. The series of payments on which Mr. Eigeman sent default notices was as follows:

| Payment Due | Date of Default Notice | Date of Payment |
|---|---|---|
| August 10 | August 22 | August 23 |
| September 10 | September 17 | September 18 |
| October 10 | October 15 | October 22 |
| November 10 | ------ | November 14 |

When the Millers failed to make the December payment by December 11, Mr. Eigeman sent them a Notice of Election of Remedies and Cancellation and Termination of Contract for Deed, based on the provisions of paragraph 8.

Mr. Eigeman then brought this action to terminate the contract for deed and to obtain forfeiture of the downpayment and monthly payments which had been made by the Millers. Both parties filed motions for summary judgment. After the first of five hearings in this matter, the court granted partial summary judgment to Mr. Eigeman, ruling that the Millers were in default of their obligations under the contract. It also granted Mr. Eigeman leave to amend his complaint, to allege defects making the Millers' house less valuable than the value assigned to it for downpayment on the contract. It ordered the Millers, if they could do so, to show that they were entitled to the benefits of Montana's antiforfeiture statute, § 28-1-104, MCA.

At the second hearing, the Lawsons, Mr. Eigeman's lessors, moved to intervene. Their motion was granted, and the court ordered an escrow account set up for deposit of payments on the property during this litigation.

At the third hearing, the court heard brief testimony by Mr. Miller and extensive arguments of counsel on applicability of the antiforfeiture statute. The discussion between

court and counsel then broadened to other aspects of the case. In its findings and conclusions, the court altered, amended, or withdrew its prior findings and conclusions to the extent that they were in conflict with the findings and conclusions from this hearing. It found that the default notices Mr. Eigeman sent to the Millers referred only to paragraph 7 of the contract. Only the final notice of election of remedies referred to paragraph 8. The court stated

> [this] court does not find any substantial, credible evidence . . . that the Millers, in their performance of the terms of said contract, were grossly negligent; nor . . . that there was any willful or fraudulent breach of duty on the part of the Millers to prevent the application of the equitable benefits of that statute.

It found that under the circumstances of this case the application of paragraph 8 was unconscionable and that the failure of Mr. Eigeman to mention paragraph 8 in the notices to the Millers rendered the complaint for forfeiture fatally defective. It dismissed the complaint and awarded the Millers their costs and attorney fees. It also ordered that none of the payments which the Millers had deposited in the escrow account could be distributed witout court order.

Two additional hearings were held. At those hearings, the disposition of funds in the escrow account was arranged and the amount of the Millers' attorney fees was set.

I

Did the District Court err in failing to find that the Millers must tender the full balance due under the contract in order to be entitled to the benefits of the antiforfeiture statute, § 28-1-104, MCA?

Section 28-1-104, MCA, provides:

> Relief from forfeiture. Whenever by the terms of an obligation a party thereto incurs a forfeiture

5

or a loss in the nature of a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.

In its order dated October 1, 1986, the District Court concluded that "the Millers have successfully demonstrated their right to the antiforfeiture provisions of Section 28-1-204, [sic] M.C.A."

In order for § 28-1-104, MCA, to apply, the party exposed to the forfeiture must have offered as full compensation the entire outstanding balance on the contract. Sun Dial Land Co. v. Gold Creek Ranches (1982), 198 Mont. 247, 251, 645 P.2d 936, 939. The Millers made no such offer of full compensation to Mr. Eigeman. Therefore the District Court's conclusion that the Millers proved their right to the antiforfeiture provision is reversed.

II

Did the court err in finding and concluding that the contract's shortening of notice provision is unconscionable as applied and that the default notices were inadequate and fatally defective?

The court's finding on unconscionability after the third hearing was "[t]hat, given the factual circumstances out of which this case arises, the Court finds that Paragraph 8 of said contract for deed is, in its application, unconscionable . . . ." The court concluded that "the forfeiture provisions under Paragraph 8 of the parties' contract for deed are, under the circumstances, unconscionable . . . ."

At the time of the third hearing, summary judgment had been granted to Mr. Eigeman with the exception that the Millers would be allowed an opportunity to prove they were entitled to the benefit of the antiforfeiture statute. The

6

purpose of the hearing was to allow the Millers to prove their entitlement to application of that statute. The presentation and cross-examination of witnesses was limited to that purpose. Yet the District Court went on to rule on the unconscionability of paragraph 8 and the inadequacy of the notices.

The court's holding on the unconscionability of paragraph 8 as applied involves issues of fact. The court found that the circumstances constituting unconscionability included oppression (Mr. Eigeman's attorney drafted the contract and the Millers were unrepresented) and unfair surprise (paragraph 8 was not mentioned in the notices of default). Similarly, although no authority was cited which would require the notices of default to refer specifically to paragraph 8, the court found that the notices were inadequate and fatally defective. Mr. Eigeman argues in his brief to this Court that the notice given was adequate in light of the contract provision that "notice shall be sufficient for all purposes if it describes the default in general terms." He was not allowed to present any evidence on that or any other theory in the proceeding before the District Court.

These are issues on which full opportunity for presenting testimony and cross-examining witnesses should have been allowed to all parties. Yet only Mr. Miller testified at the hearing, and his testimony was limited to the issue of whether the Millers were entitled to the benefit of the antiforfeiture statute. We conclude that this case should be remanded for full trial on the merits.

Mr. Eigeman has also raised the issues of whether he should have been allowed to present evidence of latent defects in the house used as a down payment on this contract, and whether the Millers were properly awarded their attorney

7

fees.    These issues need not be addressed at this stage because of the remand for trial.

Reversed and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8