No. 87-443

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

RONALD L. BURGESS, JOHN L. LAKE, JR.,
and NICK MALLAS,

Plaintiffs and Appellants,

-vs-

ROBERT SHIPLET, JACQUELINE SHIPLET, TAMI
SHIPLET and FIRST BANK OF LIVINGSTON, or
any other person known or unknown, claiming
any interest in the property described herein,

Defendants and Respondents.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Knuchel & McGregor; Karl Knuchel, Livingston, Montana

For Respondent:

Moore, Rice, O'Connell & Refling; Perry J. Moore,
Bozeman, Montana
Huppert & Swindlehurst; Arnold Huppert, Jr.,
Livingston, Montana

Submitted on Briefs: Jan. 14, 1988

Decided: February 18, 1988

Filed: FEB 1 8 1988

Ethel M. Harrison

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This contract dispute is appealed to this Court from the Sixth Judicial District, Park County. Ronald Burgess, John Lake and Nick Mallas appeal the judgment of the District Court which treated respondents purchase of land from appellants, under a contract for deed, as a mortgage. The appellants also allege error by the court in failing to award them reasonable attorney fees and damages.

We reverse and remand to the District Court.

The issues presented are as follows:

1. Did the District Court err in treating a contract for deed as an equitable mortgage?

2. Is the anti-forfeiture statute, § 28-1-104, MCA applicable?

3. Did the District Court err in finding that appellants also breached the contract, thereby diminishing respondents obligations under the contract?

4. Did the District Court err in failing to award attorney's fees to appellants?

5. Did the District Court err in failing to award damages?

Respondents Robert, Jacqueline and Tami Shiplet purchased land from Shields River Bench, a partnership owned by appellants. The first tract was purchased by Robert and Jacqueline Shiplet in 1980 for $110,000. They paid $21,500 down with annual payments of $12,017. The second tract was purchased by Robert, Jacqueline and Tami (daughter) Shiplet in 1981 for $110,000. They paid $10,000 down with annual payments of $13,575. The respondents have been in possession of both tracts of land since the dates of closing on the

sales. The last payment made on the 1980 contract was on May 11, 1984. The last payment made on the 1981 contract was June 27, 1983.

Appellants unsuccessfully attempted to serve default notices on the respondents, first by certified mail, then by service by the Park County Sheriff. However, respondents refused to accept the notices. Finally, after the appellants filed suit, the court ordered the respondent's attorney to accept all default notices on behalf of the Shiplets. Notices of default and continuing default were then served on the Shiplets' attorney on July 1, 1986, and September 3, 1986.

For the purposes of trial, the two causes of action, one on each contract, were consolidated. The Shiplets counterclaimed with allegations of breach of contract because appellants failed to control noxious weeds on their property; failed to establish a homeowner's association in the proposed subdivision where Shiplets purchased their land; and failed to buy gravel from the Shiplets in lieu of an annual payment under their contract.

After a bench trial, the District Court made findings of fact and conclusions of law and entered judgment against the respondents for default on the contracts for deed. The court also found that the appellants breached the contracts for not fulfilling the protective covenants and for violating their statutory obligation to control noxious weeds on their property. The court then granted the respondents one year right of redemption on the contracts beginning June 24, 1987.

Appellants contend that the District Court erred by treating the contract for deed as a mortgage.

Subsequent to the District Court's findings of fact and conclusions of law in the case now before us, this Court, in December 1987, held that "(a) contract for deed is not the

- 3 -

same legal concept as a mortgage under Montana law." Aveco Properties, Inc. v. Nicholson (Mont. 1987), ___ P.2d ___, 44 St.Rep. 2098, 2102. See also Glacier Campground v. Wild Rivers, Inc. (1979), 182 Mont. 389, 597 P.2d 689, (a contract for deed and a mortgage are "distinct legal creatures.")

When a purchaser enters into a contract for deed with a seller, he or she runs the risk of defaulting on the required payments and facing the consequences of losing the property along with forfeiting the amount already paid. If this produces a harsh or unwanted result, it is for the legislature to remedy and not the job of this court to change the plain meaning of the contract.

In the case before us, the contract for deed provides that upon their default buyers have 30 days in which to correct the default or sellers are entitled to demand, within 30 days, full payment of the unpaid balance of the purchase price plus accrued interest. If the buyer fails to pay the total unpaid balance in 30 days, the agreement terminates and the property is returned to seller.

The District Court found that respondents/buyers defaulted on both contracts which they had with appellants/sellers. The default provisions under the contract for deed spells out the remedies available to appellants. Respondents cannot look to mortgage law for alternative remedies but must accept the remedies set forth in their contract with appellants. We reverse on the first issue.

The District Court concluded that the anti-forfeiture statute, § 28-1-104, MCA, does not apply to these facts, but then for "equitable" reasons refused to award appellants the amount already paid by respondents and return the land to appellants. Section 28-1-104, MCA, applies only when the party exposed to forefeiture has offered the entire

outstanding balance as full compensation on the contract. Eigeman v. Miller (Mont. 1987), 745 P.2d 320, 323, 44 St.Rep. 1752, 1755. The Shiplets have not offered the unpaid balance nor any amount as compensation for these contracts. The antiforfeiture statute therefore does not apply.

Respondents had paid a total of $65,357.49 principal on the combined contracts when they stopped making payments. However, they still owed $154,642.51 on the principal plus accrued interest. Respondents lived on the property, farmed the land and kept all income from it since 1980 on one parcel and since 1981 on the other. They have continued to possess, enjoy and reap the benefits from the property without making any payments on it since June, 1983, on the first contract and May, 1984, on the second contract. Appellants, on the other hand, have been denied either payments on or possession of the property while still being responsible for their own payment obligations for the same land. We hold that the District Court was correct in its refusal to apply § 28-1-104, MCA. However, the court should have awarded forfeiture of the amount already paid by the Shiplets to appellants.

Appellants argue that it was error for the District Court to circumvent the agreement between the parties, with respect to the default clause, for the reasons that appellants failed to control noxious weeds on their property and breached the protective covenants contained in the contract.

The record shows that there were noxious weeds on appellants' land which adjoins the land purchased by respondents. While § 7-22-2116, MCA, provides that "[i]t is unlawful for any person to permit any noxious weed to propagate or go to seed on his land, . . ." the failure of appellants to control the weeds is not sufficient to forgive

payment on the contract by respondents for the purchase of land. Violations of § 7-22-2116, MCA, are dealt with in §§ 7-22-2117 and 2123, MCA, by allowing for fines to be assessed against the person who commits the misdeameanor offense and is convicted of allowing noxious weeds to propagate on his property. We hold that appellants did not breach the contract by failing to control the noxious weeds on the land.

Furthermore, it is not sufficient to forgive payments due under the contract because of appellant's failure to create a homeowners association in the subdivision where respondents purchased property. The protective covenants contained in the contracts for deed require that a homeowner's association be formed "at such time as fifty one (51%) percent of the tracts in the subdivision have been sold or by _____, 19___ whichever shall occur first."

At the time of filing the contract for deed with the Clerk and Recorder on June 18, 1980, the blanks in the protective covenant were not filled in. The record does not indicate there was any deadline or intention to establish one. What is clear from the record is that 51% of the tracts were not sold at the date of respondent's default. There was, therefore, no breach by appellants. Furthermore, enforcement of the covenants was outlined in the contract. Remedies include damages and/or injunctions against violators. The provision does not declare the entire contract terminated in the event of a covenant violation, as it does for a default on payments. No notice was ever given by the respondents to the appellants that they considered the failure to establish the homeowners association a violation of the contract. We hold that the appellants did not breach the contract.

The District Court did not award attorney fees because "each party is in default." Since we held that appellants were not in default, they are entitled to attorney fees from the Shiplets pursuant to the parties' agreement. The contract provides for reasonable attorney fees to the prevailing party in the event an action is brought to enforce the terms of the contract. We remand to the District Court to make findings and award reasonable attorney fees to appellants.

The District Court found that the appellants were not entitled to damages for respondents default on the contract. However, § 27-1-311, MCA, allows for damages arising from the breach of a contract. We remand to the District Court to determine what, if any, damages appellants may be entitled to under that statute as a result of Shiplet's breach.

Reversed and remanded to the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices