No.  92-029

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DAUGHERTY CATTLE CO., a partnership
consisting of EMERALD DAUGHERTY,
WILLIAM DAUGHERTY, JOHN DAUGHERTY, JR.;
EMERALD DAUGHERTY; WILLIAM EARL DAUGHERTY;
and JOHN EMERALD DAUGHERTY, JR.,

Plaintiffs and Respondents,

-vs-

GENERAL CONSTRUCTION COMPANY, a North
Dakota corporation, formerly known as
MEYER CONSTRUCTION CO., and doing
business in Montana as GENERAL
CONSTRUCTION COMPANY OF NORTH DAKOTA,

Defendant and Appellant.

FILED

SEP 22 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Maurice R. Colberg, Jr., Judge
               presiding.


COUNSEL OF RECORD:

        For Appellant:

            Stewart R. Kirkpatrick, Murphy & Kirkpatrick,
            Billings, Montana

        For Respondent:

            Allan Karrell and John Bohyer, Crowley, Haughey,
            Hanson, Toole & Dietrich, Billings, Montana


                            Submitted on Briefs:  June 25, 1992

                                    Decided:  September 22, 1992

Filed:

_____
            Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, General Construction Company, appeals from the summary judgment ruling of the District Court of the Thirteenth Judicial District, Yellowstone County, in favor of plaintiffs. We affirm.

The issues for our review are:

1. Whether the District Court erred by refusing to consider reasonable rental value of the property subject to a land contract for purposes of computing damages upon foreclosure by the seller.

2. Whether Montana's anti-forfeiture statute, § 28-1-104, MCA, applies to prohibit the seller from declaring a forfeiture when the purchaser tenders a portion of the property back to the seller as "full compensation" for the balance owing on the contract.

On February 13, 1981, Meyer Construction Company, a predecessor company of defendant General Construction Company (General), and the plaintiffs Daugherty Cattle Co., a partnership consisting of Emerald Daugherty, William Daugherty and John Daugherty, Jr.; Emerald Daugherty; William Earl Daugherty; and John Emerald Daugherty, Jr. (Daugherty), as sellers, entered into a written contract for deed for the sale and purchase of real property located on the outskirts of Billings in Yellowstone County, Montana. The purchase price of the property was $1,195,000.00 plus interest at the rate of nine percent per annum. General and its predecessor made annual payments as scheduled until 1987, when the contract was amended. On July 8, 1987, General and

2

Daugherty agreed to revise the payment schedule and reamortize the unpaid principal of $422,500.00. The amendment lowered the payments and split them, with interest payments (continuing at nine percent) and principal payments due on different dates during the year. The contract also recited the name change from Meyer Construction Company to General Construction Company.

General continued to make payments as scheduled until 1989, when General failed to pay the scheduled payment due on July 15, 1989. On October 10, 1989, Daugherty sent by certified mail a written notice of default giving General thirty days within which to make payment, as required by the contract. In early November, 1989, Daugherty extended the default period for sixty days beyond November 9, 1989.

On January 8, 1990, General made an "offer of performance" in writing, which General considered to be full performance and compensation under the contract. In its offer, General offered to convey back to Daugherty an 85-acre portion of the property (approximately 47% of the land covered by the contract) together with payments already made totalling $1,273,290.00, in return for termination of the contract and retention of the remaining 53% of the land. This would have left Daugherty with the portion of the land it had leased back from General as farmland since 1981 and would have left General with the portion on which it mined gravel for construction purposes.

On January 31, 1990, also pursuant to the contract, Daugherty sent by certified mail a "Notice of Continued Default and

3

Acceleration of Remaining Purchase Price," notifying General that it was accelerating the entire contract balance and giving General thirty days to pay the accelerated balance in full. Again General failed to make any payment on the contract. Daugherty, electing to terminate the contract, sent to General a "Notice of Termination of Contract for Deed" dated July 18, 1990.

General refused to execute special warranty deeds to reconvey the property to Daugherty and refused to deliver possession to Daugherty to effect the termination of the contract. Daugherty filed this action to quiet title and to obtain possession of the property.

The District Court granted Daugherty's motion for summary judgment on the quiet title and ejectment claims, rejected General's claim that termination and forfeiture were not enforceable remedies under the contract and allowed Daugherty to retain all monies previously paid by General and its predecessor. The District Court refused to apply Montana's anti-forfeiture statute, § 28-1-104, MCA, because General's tender of a portion of the property did not constitute "full compensation" as required by the statute. From this judgment, General appeals.

I.

Did the District Court err by refusing to consider reasonable rental value of the property subject to a land contract for purposes of computing damages upon foreclosure by the seller?

The appellant, General, contends that there are genuine issues of fact and that evidence relating to these factual issues should

4

have been introduced into evidence at a trial. Specifically, General claims that a clause included in the parties' contract requires the court to determine the relationship between payments retained and actual damages suffered by Daugherty and to determine whether the retention of contract payments constitutes a penalty rather than damages. The pertinent clause is underlined in the following excerpt from Paragraph 5 of the contract for deed:

(1) If Buyer fails to cure such default or breach within the aforesaid 30 day period, the Seller may then declare the outstanding balance of the purchase price together with all other unpaid obligations of the Buyer undertaken in this contract due and payable within an additional 30 days. If the outstanding balance of the purchase price together with all other unpaid obligations of the Buyer are not paid within the second 30 day period, the Seller may either:

(a) declare this contract terminated. In the event of such termination, Buyer agrees on demand to surrender possession of the property, and any improvements thereon immediately and peaceably, and to execute and deliver such instruments as Seller may require to evidence of record the termination of this contract and Buyer's interest in the contract and real property, and Seller may retain all payments made hereunder as reasonable rental for the use of the property and as liquidated damages, . . . (Emphasis supplied.)

General claims there is no evidence that the damages Daugherty recovered have any relationship to the actual damages suffered by Daugherty. General has made payments of principal and interest totalling $1,242,447.50 on the original contract amount of $1,195,000.00. The amounts applied to principal total $857,000.00, leaving a principal balance of $338,000.00. General further claims

5

that liquidated damages must bear a reasonable relationship to the actual damages or such damages will constitute an invalid penalty. Daugherty contends that the language quoted above from Paragraph 5 of the contract is neither ambiguous nor uncertain in any sense and maintains that to accept General's argument would essentially convert the contract from a purchase agreement to a lease, as noted by the District Court.

We agree with the District Court's assessment relating to the result which would ensue if we were to depart from longstanding interpretation of land sale contract provisions. In effect, the result would be to rescind the contract at the whim of the defaulting purchaser whose wrongdoing caused the vendor to terminate the contract.

Long ago, in Cook-Reynolds Co. v. Chipman (1913), 47 Mont. 289, 133 P. 694, the defendant made a similar argument against a forfeiture of a contract for deed. This Court noted that in an action to terminate the contract for breach, "the remedies afforded by the contract will be enforced unless they impinge upon other rules of equity or law." Cook-Reynolds, 133 P. at 697. In Cook-Reynolds and subsequent forfeiture cases, this Court has consistently upheld contract provisions such as the clause in Paragraph 5 which allows the seller to retain all payments "as reasonable rental for the use of the property and as liquidated damages." See, e.g., Joy v. Little (1960), 138 Mont. 110, 354 P.2d 1035; and Erickson v. First Nat'l Bank of Minneapolis (1985), 215 Mont. 350, 697 P.2d 1332.

6

At the time of contracting, Daugherty and General's predecessor agreed that the payments already made under the contract terms at the time of a default by the purchaser would be reasonable rental and proper liquidated damages. General contends that Erickson, 697 P.2d at 1338, requires a court to hear evidence of a reasonable relationship between the actual damage suffered and the liquidated damage claimed. In Erickson, the trial court found that the reasonable rental of the property was $114,750.00. The purchaser had paid only $154,751.67 on an $800,000.00 contract and had been in possession of the property for over a year and a half. The trial court found that the amount forfeited was reasonable, a finding this Court affirmed, noting that, "[s]urely Starhaven did not intend that it should remain in possession for so long and pay nothing for the use of the property." Erickson, 697 P.2d at 1338. Erickson, however, does not require a judicial determination that the amount forfeited was a reasonable rental.

Section 28-2-721, MCA, allows parties to a contract to agree to damages in advance of a breach:

**When provision fixing liquidated damages valid. . . .**

(2) The parties to a contract may agree therein upon an amount which shall be presumed to be an amount of damage sustained by a breach thereof when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

General argues that this statute, when applied to the facts of this case, clearly shows that the actual damages have no relationship to the liquidated damages and therefore the contract terms should be invalidated. The District Court ruled that

7

plaintiff was not required to return to the defendant the difference, if any, between the amount paid by the defendant and what evidence would show the reasonable rental value of the land to have been. In pertinent part the District Court stated:

> The later Montana case of Burgess v. Shiplet, 230 Mont. 387, 750 P.2d 460 (1988) involved a default by a purchaser in contract payments. The Montana Supreme Court ordered forfeiture of all amounts paid by the purchaser and termination of the contract. There was no consideration of a reasonable rental value during the period of the buyer's holding of the property. . . . The court stated at 230 Mont. 390:
>
> "When a purchaser enters into a contract for deed with a seller, he or she runs the risk of defaulting on the required payments and facing the consequences of losing the property along with forfeiting the amount already paid. If this produces a harsh or unwanted result, it is for the legislature to remedy and not the job of this Court to change the plain meaning of the contract."
>
> Later the Court stated:
>
> "The default provisions under the contract for deed spells [sic] out the remedies available to appellants."

After a further discussion, the District Court concluded that plaintiff and defendant entered into this contract with explicit default language which allows the relief requested by the plaintiff and that the court should not interpret the contract to be an involuntary lease. We agree with the analysis and conclusion of the District Court.

We hold that the District Court did not err by refusing to hear evidence relating to the reasonable rental value of the property subject to the land contract for purposes of computing damages.

8

II.

Does Montana's anti-forfeiture statute, § 28-1-104, MCA, apply to prohibit the seller from declaring a forfeiture when the purchaser tenders a portion of the property back to the seller as "full compensation" for the balance owing on the contract?

Section 28-1-104, MCA, provides:

> **Relief from forfeiture.** Whenever by the terms of an obligation a party thereto incurs a forfeiture or a loss in the nature of a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.

In order for § 28-1-104, MCA, to apply, the party requesting relief from forfeiture must tender full compensation to the vendor as a condition precedent to relief. Sun Dial Land Co. v. Gold Creek Ranches, Inc. (1982), 198 Mont. 247, 251, 645 P.2d 936, 939.

General contends that its offer to reconvey 47 percent of the land to Daugherty, at a time when General was in default and during a period which was a 60-day extension of the time to cure the default, constituted "full compensation" as required by § 28-1-104, MCA. In Eigeman v. Miller (1987), 229 Mont. 28, 32, 745 P.2d 320, 323, this Court reversed the district court's conclusion that the purchasers proved their right to relief under the anti-forfeiture provision without tendering full compensation of the entire remaining contract balance. We have repeatedly required the defaulting party under a contract for deed to tender the entire outstanding principal balance in order to obtain relief from forfeiture in equity. See, e.g., Sharp v. Holthusen (1980), 189

9

Mont. 469, 616 P.2d 374 (defendants tendered entire amount due plus personal fees, expenses and attorney fees of plaintiff to date); and Parrot v. Heller (1976), 171 Mont. 212, 557 P.2d 819 (tendering entire contract balance plus interest prevented forfeiture). "The anti-forfeiture statute allows the defendants to make full payment of interest and attorney fees for the default, and allows the contract to be enforced." Sharp, 616 P.2d at 378. General's tender of 47 percent of the property in exchange for Daugherty's cancellation of the remainder owed on the contract was at best an offer to modify the contract--an offer not accepted by Daugherty. It falls short of the full compensation required under § 28-1-104, MCA, which is the entire principal balance plus interest. General's offer of performance was a last ditch effort to hold on to a portion of the property by voluntarily forfeiting 47 percent of the property at a time when Daugherty, if the default was not cured, could soon claim 100 percent of the land. General's offer of performance is not full compensation of the sort contemplated under Montana's anti-forfeiture statute.

We hold that Montana's anti-forfeiture statute, § 28-1-104, MCA, did not prohibit the seller from declaring a forfeiture when the purchaser tendered a portion of the property back to the seller. Such offer of performance was not full compensation for the remaining balance of the contract price.

Affirmed.

_____
Justice

10

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11

September 22, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Stewart R. Kirkpatrick
MURPHY & KIRKPATRICK
300 Western Federal Savings Building
2929 Third Avenue North
Billings, MT 59101

Allan Karell
John Bohyer
CROWLEY, HAUGHEY, HANSON, TOOLE & DIETRICH
P.O. Box 2529
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____.
    Deputy