No.  94-233

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

CLUB BUFFET BAR, INC.,

      Plaintiff and Respondent,

  v.

RAY LILIENTHAL, a/k/a RAY LILENTHAL,
UNITED STATES OF AMERICA (acting by
and through the INTERNAL REVENUE
SERVICE) and STATE OF MONTANA (acting
by and through its DEPARTMENT OF
REVNUE),

      Defendants and Appellants.

**FILED**

NOV 29 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Rosebud,
               The Honorable Kenneth R. Wilson, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          John Houtz, Forsyth, Montana

       For Respondent:

          Richard W. Josephson, Josephson & Fredricks,
          Big Timber, Montana

Submitted on Briefs:  October 28, 1994

Decided:  November 29, 1994

Filed:

_____
             Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In this action, Club Buffet Bar, Inc. (Club Buffet Bar), seeks to repossess real and personal property and a liquor license financed through a contract for deed. The District Court for the Sixteenth Judicial District, Rosebud County, granted summary judgment to Club Buffet Bar. The buyer, Ray Lilienthal, appeals. We affirm and remand for determination of the amount of attorney fees to be awarded to Club Buffet Bar.

The issue on appeal is whether material issues of fact bar summary judgment on Lilienthal's counterclaims.

In 1980, Ray Lilienthal contracted to purchase from Club Buffet Bar a liquor license and real and personal property located in Ashland, Montana. The parties' contract required Lilienthal to make monthly payments, to insure the property and keep it free of liens, and to pay all taxes on the property. A default clause provided that if Lilienthal failed to perform any of his obligations and failed to cure default after thirty days' written notice, Club Buffet Bar could terminate the contract and Lilienthal would forfeit his interest in the property.

In December 1992, Club Buffet Bar brought this action alleging numerous defaults by Lilienthal and asking to be restored to possession of the property. Lilienthal counterclaimed that Club Buffet Bar unreasonably withheld consent to and interfered with his negotiations for resale of the property.

Lilienthal testified before the District Court at a January 1993 hearing on Club Buffet Bar's motion for a temporary injunc-

tion.  In his testimony, Lilienthal admitted to receiving a notice of default dated August 6, 1992.  He further admitted to the following uncured defaults:

- being at least five monthly payments behind at the time of the hearing

- having no fire insurance on the property

- allowing at least four federal tax liens to be filed against the property

- allowing a Montana Department of Revenue warrant of distraint to be filed against the property

- allowing a lien to be filed on the liquor license

- being delinquent in payment of the real property taxes

At the end of the hearing, the parties reached a tentative settlement.

Later, when the parties were not able to finalize the settlement, Club Buffet Bar moved for summary judgment.  The District Court determined that Lilienthal's testimony at the January 1993 hearing demonstrated there was no basis for his counterclaims.  The court granted summary judgment in favor of Club Buffet Bar, including reasonable attorney fees and costs as allowed under the contract.

Do material issues of fact bar summary judgment on Lilienthal's counterclaims?

Summary judgment is proper when the record discloses no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56(c), M.R.Civ.P. This Court's standard of review of a ruling on a motion for summary

judgment is the same as the district court's. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

In his counterclaims, Lilienthal argues he has over $50,000 of equity in the bar and that returning the real and personal property and liquor license to Club Buffet Bar amounts to unjust enrichment. However, a party requesting relief from forfeiture must tender full compensation to the vendor as a condition precedent to relief. Section 28-1-104, MCA: Daugherty Cattle v. General Const. (1992), 254 Mont. 479, 485-86, 839 P.2d 562, 565. Because Lilienthal does not claim to have tendered full compensation to Club Buffet Bar, his argument fails.

Lilienthal also maintains he has established a prima facie case that the owners of Club Buffet Bar, the Howards, interfered with his negotiations to sell the property to Greg Humphreys. He alleges that the Kowards offered Humphreys a better deal on the property than he had offered Humphreys. He states that after the Howards talked to Humphreys, Humphreys signed an affidavit that Lilienthal had threatened to "strip" the property if Club Buffet Bar attempted to retake possession of it. (The business has remained closed since Christmas 1992, under a temporary restraining order and injunction to prevent Lilienthal from "stripping" it.)

In his testimony before the District Court, Lilienthal stated his deal with Humphreys did not go through because

> he didn't come up with his end of the deal that I wanted
> to hear. There was somebody backing him with the money
> and that wasn't working out.

4

A letter from Humphreys' attorney to Lilienthal indicated Humphreys backed away from the deal because of the liens Lilienthal had allowed to be placed upon the property. Additionally, Lilienthal admitted that Club Buffet Bar would have allowed the contract to be assumed by a reputable person. He conceded that the Howards "were very cooperative that way." Lilienthal's testimony thus disproved his counterclaim of contract interference.

We conclude, based upon Lilienthal's own sworn testimony, that he has not demonstrated material issues of fact concerning his counterclaims. Because he has also failed to show any material issues of fact concerning his default, we hold that the District Court did not err in entering summary judgment for Club Buffet Bar.

The contract for deed provides that "the prevailing party shall be entitled to recover from the other party a reasonable attorney fee to be fixed in amount by the court" in litigation between the parties arising from the contract. The District Court awarded attorney fees to Club Buffet Bar. We remand this case to the District Court for determination of the amount of attorney fees to be added to the judgment as a result of this appeal.

Affirmed.

_____
Chief Justice

We concur:

_Karla M. Gray_

_____

_____

_____
Justices