No. 86-523

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

AVECO PROPERTIES, INC.,
a Montana corporation,

        Plaintiff and Respondent,

  -vs-

E. J. NICHOLSON, a/k/a
ELDON J. NICHOLSON,

        Defendant and Appellant.

---

APPEAL FROM: The District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Datsopoulos, MacDonald & Lind; Christopher B. Swartley
argued, Missoula, Montana

    For Respondent:

        Worden, Thane & Haines; Ralph B. Kirscher argued,
Missoula, Montana

---

Submitted:    June 3, 1987

Decided:    December 22, 1987

Filed: DEC 22 1987

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Nicholson, as defendant and contract buyer, appeals a grant of summary judgment entered by the District Court, Fourth Judicial District, Missoula County, granting specific performance of a contract for deed to plaintiff respondent Aveco Properties, Inc. (Aveco), the successor in interest to the contract seller.

Affirmed in part and reversed in part.

Appellant buyer asks us to consider issues one, two and three on appeal; and respondent Aveco has raised issues four, five and six. These six issues are set forth as follows:

1. Did the District Court err when it refused to determine that contracts for deeds are mortgages under the laws of the State of Montana and that plaintiff-respondent Aveco should be required to proceed through ordinary procedures associated with mortgage foreclosure in this case?

2. If the District Court erred when it refused to determine that a contract for deed is in fact a mortgage, then does it not follow that the plaintiff-respondent as a successor in interest to the vendor under the contract at issue is barred from the recovery of any deficiency judgment on the obligation secured?

3. Did the District Court err in requiring appellant to post a $34,408.83 supersedeas bond?

4. Did the District Court properly determine that Aveco is entitled to specific performance (acceleration of payments) under the contract for deed?

5. Did the District Court properly determine that Aveco is entitled to have the property sold if appellant fails to pay the remaining balance?

6. Did the District Court properly determine that Aveco is entitled to a deficiency judgment if proceeds are insufficient to pay the accelerated balance and other monies owing pursuant to the contract?

On December 1, 1977, E. J. Nicholson purchased certain real property from Hidden Valley Ranches under a contract for deed. On February 28, 1985, respondent Aveco purchased the seller's interest in the contract for deed from Hidden Valley Ranches and an assignment of seller's interest was executed. Nicholson was a partner in Hidden Valley Ranches at one time. The original purchase price of the property in question was $26,842.52. The contract requires annual installments of $2,836.72 due on the first day of December of each year after 1977 until the full amount of principal and interest is paid.

Nicholson made annual installments in the years of 1978 through 1984--seven annual installments. Nicholson failed to make an annual installment on December 1, 1985. On December 9, 1985, Aveco sent Nicholson a notice of default which was received on December 17, 1985. Nicholson failed to make the required payment within the thirty day default period set forth in the contract for deed.

On January 23, 1986, Aveco notified Nicholson of its intention to declare the entire principal balance and accrued interest immediately due and payable. Nicholson did not pay the remaining balance on the contract which amounted to $23,081.08, plus accrued interest at the rate of 8½ percent per annum from December 24, 1984.

On January 29, 1986, Aveco, as seller's assignee, filed its complaint seeking specific performance of the contract for deed compelling Nicholson to pay the full sum due, together with interest and requesting an order directing that the property be sold by the Sheriff of Ravalli County at an auction not later than 90 days after the entry of the decree

- 3 -

for specific performance. Aveco took the deposition of Nicholson, and on March 26, 1986, filed its motion for summary judgment.

The matter was heard on April 15, 1986, and thereafter the court entered its order and opinion granting summary judgment specifying the legal reasons for the judgment. The court relied primarily on Glacier Campground v. Wild Rivers, Inc. (1979), 182 Mont. 389, 597 P.2d 689. In discussing Glacier Campground, the court said that it rejected Nicholson's suggestion that the document be declared a mortgage rather than a contract because:

> In invoking this statute, [§ 71-1-232 (1985) formerly § 93-6008, R.C.M. 1947] defendants contend that a contract for deed, in effect, is a purchase price mortgage. They further argue that public policy dictates that the statute be read so as to apply to "all purchase money situations where a deficiency could be obtained". Such contentions ignore the fact that a contract for deed and a purchase money mortgage are not one and the same thing with two different names. They are two distinct legal creatures.

Glacier Campground, 597 P.2d at 698.

The District Court further noted that Glacier Campground specifically states that because contracts for deed and note mortgage transactions differ from one another

> Therefore "[t]he statutory prohibition against deficiency judgments in mortgage foreclosures is not a prohibition against awarding specific performance by granting a money decree and further providing that in the event the decree is not paid, the property shall be sold and the proceeds applied in satisfaction of the money decree." Renard v. Allen, 237 Or. at 413, 391 P.2d at 780, and cases subsequently cited.

Glacier Campground, 597 P.2d at 698.

On May 23, 1986, the District Court issued a final judgment granting Aveco specific performance of the contract for deed and judgment as follows:

1. Granted Aveco judgment for principal, interest, attorney fees, costs advanced and late charges.

2. Granted the appellant Nicholson until June 9, 1986, to pay that judgment including all accrued costs and fees incurred by the respondent.

3. Provided for the docketing of the judgment with authority for the respondent to file his transcript of judgment in any jurisdiction.

4. Provided that if the buyer did not satisfy the judgment then the respondent could sell "any interest held by the Defendant in the real property" at a sheriff's sale with delivery of the deed after the period of redemption pursuant to Title 25, Ch. 13, MCA.

5. Provided that any deficiency from the sale will continue as a judgment to the extent of the deficiency after the sale.

6. Provided the appellant a statutory right of redemption pursuant to Title 25, Ch. 13, MCA and provided that any purchaser would be entitled to immediate possession after the sale and for delivery of the deed from the sheriff to purchaser after the period of redemption.

7. Provided for delivery of possession from the appellant at the time of the sale and remedy in the event he failed to do so with writ of assistance.

8. Describes the property authorized to be sold.

9. Authorized the escrow agent to release the papers to complete the chain of title. Delivery authorized to be made to the sheriff, plaintiff or plaintiff's counsel.

ISSUE 1

DID THE DISTRICT COURT ERR WHEN IT REFUSED TO DETERMINE THAT CONTRACTS FOR DEEDS ARE MORTGAGES UNDER MONTANA LAW AND THAT THE PLAINTIFF-

RESPONDENT, AVECO, SHOULD BE REQUIRED TO PROCEED
THROUGH ORDINARY PROCEDURES ASSOCIATED WITH
MORTGAGE FORECLOSURES?

Nicholson first argues the District Court erred by not asserting its equitable powers to declare the contract for deed actually to be a mortgage and by not requiring Aveco to proceed through the ordinary procedures associated with foreclosure.

We cannot agree with Nicholson that a contract for deed should be treated as a mortgage in this situation. A contract for deed is a different legal concept than a purchase money mortgage under the laws of this state. Although certain similarities do exist between the two, it is clear that the Legislature intended to distinguish between a mortgage and a purchaser under a contract for deed. See Glacier Campground, 597 P.2d at 698.

A mortgage is defined in § 71-1-101, MCA, as a contract "by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession." Certain foreclosure and redemption rights and proceedings flow from a mortgage transaction under the subsequent sections of the mortgage statutes. See § 71-1-201, et seq., MCA.

A purchaser under a contract for deed is described in § 70-20-115, MCA, as

(a) any person who:

(i) has entered into a contract with the record owner of real property in which it was agreed that the record owner will deliver the deed to the property to the purchaser when certain conditions have been met, such as completion of payments by the purchaser; and

(ii) has recorded the contract or an abstract of the contract in accordance with Title 70, chapter 21;

- 6 -

> (b) any assignee or successor of a person included under subsection (a), if such assignee or successor has also recorded the contract or an abstract of the contract in accordance with Title 70, chapter 21 . . ..

The Legislature is the more appropriate body to decide whether this issue need be changed. It is this Court's responsibility to construe the statutes as they currently exist. Although appellant expresses valid concerns on this issue, the appropriate forum for this matter is not with this Court. The statutes are clear. A contract for deed is not the same legal concept as a mortgage under Montana law. A contract for deed therefore need not be treated as a mortgage for purpose of foreclosure. No error was made on this issue by the District Court.

## ISSUE 2

IF THE DISTRICT COURT ERRED WHEN IT REFUSED TO DETERMINE THAT A CONTRACT FOR DEED IS IN FACT A MORTGAGE, THEN DOES IT NOT FOLLOW THAT THE PLAINTIFF-RESPONDENT AS A SUCCESSOR IN INTEREST TO THE VENDOR UNDER THE CONTRACT AT ISSUE IS BARRED FROM THE RECOVERY OF ANY DEFICIENCY JUDGMENT ON THE OBLIGATION SECURED?

Because of our holding in issue 1, this issue is moot.

## ISSUE 3

DID THE DISTRICT COURT ERR IN REQUIRING APPELLANT TO POST A $34,408.83 SUPERSEDEAS BOND?

Appellant's final contention is that the District Court erred in requiring that he post a supersedeas bond in the amount of $34,408.83 after he moved that court for a stay of execution on judgment pending appeal. Rule 7(a), M.R.App.P. provides in relevant part:

> When the judgment or order determines the disposition of property in controversy as in real actions, replevin, and actions to foreclose mortgages, or when such property is in the custody of the sheriff or when the proceeds of such property or a bond for its value is in the custody

or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay. On application, the supreme court in the interest of justice may suspend, modify, restore, or grant any order made under this subdivision.

Under the foregoing rule, the real property that is the subject of the contract between the parties is in the control of the District Court. The amount of the judgment is $28,398.67. The supersedeas bond exceeds the judgment by approximately $6,000.00. The amount of the money judgment is at this time unknown, for if Nicholson decides not to complete the contract by paying the balance due, a deficiency judgment cannot be computed until after the sheriff's sale. In the meantime, the land itself is security for the judgment. It was, moreover, premature to allow Aveco to docket the judgment as it now exists in other jurisdictions. It is our determination that the supersedeas bond in this case should not have exceeded $6,000.00. Therefore, under the power vested in this Court in Rule 7(a), M.R.App.P., we exonerate and discharge the obligation on the supersedeas bond for the amount in excess of $6,000.00.


ISSUE 4

DID THE DISTRICT COURT PROPERLY DETERMINE THAT AVECO IS ENTITLED TO SPECIFIC PERFORMANCE (ACCELERATION OF PAYMENTS) UNDER THE CONTRACT FOR DEED?

Section 27-1-411, MCA, provides that:

Except as otherwise provided in this part and Title 28, chapter 2, parts 16 and 17, the specific performance of an obligation may be compelled when:

. . .

(4) it has been expressly agreed in writing, between the parties to the contract, that specific performance thereof may be required by either party or that damages shall not be considered adequate relief.

Section 27-1-414, MCA, provides that the right to specific performance must be mutual

(1) When either of the parties to an obligation is entitled to a specific performance thereof according to the provisions of 27-1-411, the other party is also entitled to it, though not within those provisions.

(2) Neither party to any obligation can be compelled specifically to perform it unless the other party thereto has performed or is compellable specifically to perform everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance.

While we hold that the trial court properly ordered the sale of the land, in the deficiency judgment and right of redemption it provided that only the "interest held by the defendant" is to be sold. Because § 27-1-414, MCA requires mutuality of performance, Aveco's interest must also be sold to give meaning to the statute. Here, specific performance is a requirement to transfer title of the real property. See also Naylor v. Hall (1982), 201 Mont. 59, 651 P.2d 1010; Maxted v. Barrett (1982), 198 Mont. 81, 643 P.2d 1161; and Schultz v. Campbell (1966), 147 Mont. 439, 413 P.2d 879. When the sale is of the interest of both the plaintiff and defendant, equitable and legal title are merged and there is nothing left to be performed. The purchaser at the sale will then receive a title subject to the right of redemption of the defendant. We affirm the District Court's order of specific performance.

ISSUE 5

- 9 -

DID THE DISTRICT COURT PROPERLY DETERMINE THAT AVECO IS ENTITLED TO HAVE THE PROPERTY SOLD IF APPELLANT FAILS TO PAY THE REMAINING BALANCE?

The contract between the seller and defendant Nicholson provided that the seller could upon default of buyer " . . . at their option declare all sums provided to be paid to them to be immediately due and payable and may take all legal means to collect the same."

As assignee of the sellers, Aveco elected to ask for specific performance and sale of land in its complaint. This procedure was not contested by the defendant.

We held in SAS Partnership, Etc. v. Schafer (1982), 200 Mont. 478, 653 P.2d 834, and cases therein cited that:

> . . . it is proper for the District Court on remand to enter a decree of specific performance with a provision that if the entire balance is not paid within a specified time period the property should be sold with the net proceeds applied to satisfy the money obligation owed . . ..

SAS Partnership, 653 P.2d at 838.

The District Court did not err when it ordered the property sold upon defendant's failure to pay the remaining balance.

## ISSUE 6

DID THE DISTRICT COURT PROPERLY DETERMINE THAT AVECO IS ENTITLED TO A DEFICIENCY JUDGMENT IF PROCEEDS ARE INSUFFICIENT TO PAY THE ACCELERATED BALANCE AND OTHER MONIES OWING PURSUANT TO THE CONTRACT?

Again we turn to Glacier Campground. There we held that once specific performance on a contract has been ordered, there is nothing inequitable about awarding a deficiency judgment on any unsatisfied amount after the sale of the land in controversy. Glacier Campground, 597 P.2d at 698.

Nicholson is obligated to Aveco for the amount of the judgment on the contract upon which he defaulted. If, after the property is sold there is a deficiency of the amount owed, Aveco could sue Nicholson for the difference. To award a deficiency judgment in the present proceeding is judicially economical and may ultimately be less expensive for Nicholson with respect to costs and fees. The risk of forfeiting payments already made while still being obligated for the remainder of the contract purchase price is a risk presently taken by anyone entering into a contract for deed such as the one entered into by Nicholson. The deficiency judgment is contingent on the outcome that the sale of the property does not net enough to satisfy Aveco's judgment against Nicholson.

We hold that the District Court was correct in awarding Aveco a deficiency judgment.

Affirmed in part and reversed in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices