No. 02-475

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 83N

MARY HILLABRAND,

      Plaintiff and Respondent,

   v.

McDOUGAL BOTANICAL TRUST,
M. MARGARET NIGRELLE, Trustee,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                  In and For the County of Lake Cause No. DV 99-94,
                  Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Edward A. Murphy, Datsopoulos, MacDonald & Lind, P.C.,
            Missoula, Montana

      For Respondent:

            Matthew H. O'Neill and John A. Mercer, Turnage, O'Neill & Mercer,
            PLLP, Polson, Montana

                       Submitted on Briefs:  March 6, 2003

                                Decided:  April 6, 2004

Filed:

                                   Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Mary Hillabrand (Hillabrand) brought an action in the Twentieth Judicial District Court, Lake County, seeking specific performance of a buy-sell agreement she entered into with the McDougal Botanical Trust (the Trust) regarding a small ranch located in Lake County. On April 21, 2000, the District Court awarded summary judgment in favor of Hillabrand, finding that the buy-sell agreement was a valid, enforceable contract, which had been breached by the Trust, and ordered specific performance of the agreement. The District Court further ordered the Trust, within 30 days of the entry of the judgment, to deliver to the title company the balance of the purchase price under the contract, together with the closing costs, less the earnest money already deposited, and Hillabrand to deliver to the title company a warranty deed transferring merchantable title for the property to the Trust. The court awarded Hillabrand her reasonable costs and attorney fees.

¶3 The Trust subsequently appealed from the District Court's order granting summary judgment. We affirmed the court's order in *Hillabrand v. McDougal Botanical Trust*, 2001 MT 125N. Following remittitur, the Trust failed to comply with the order of specific performance, causing Hillabrand to seek entry of a money judgment. On October 10, 2001,

2

the District Court granted Hillabrand's motion to convert the order into a money judgment against the Trust and ordered the property to be sold at a sheriff's sale.

¶4  Prior to the date set for auction, however, Hillabrand located a buyer who was willing to purchase the property for the full judgment amount, approximately $1.2 million. With the consent of the Trust and the District Court, the sheriff's sale was cancelled and a buy-sell agreement with the new purchaser was authorized. Despite the willingness of all the parties to consummate the transaction, the sale fell through when the purchaser was unable to secure conventional financing. Although Hillabrand and the purchaser thereafter negotiated a new sale of the property for $995,000, with Hillabrand financing the transaction on a contract for deed, the Trust opposed the arrangement and the buyer eventually became unwilling to proceed with the sale.

¶5  In order to determine whether the Trust had sufficient assets to satisfy a deficiency judgment following a sheriff's sale, Hillabrand attempted, without success, to schedule an examination of the debtor. On March 1, 2002, the District Court ordered Margaret Nigrelle (Nigrelle), Trustee, to appear and answer questions regarding the property and assets of the Trust. However, Nigrelle failed to appear for examination, and Hillabrand brought a motion to hold Nigrelle in contempt of court. In its response to Hillabrand's motion for contempt, the Trust advised that "the proper procedure at this point . . . is to sell the property either privately or through a sheriff's sale, establish the deficiency if there is one and then perfect the judgment in Texas where the trust is located and exercise its collection remedies."

3

¶6 Acting on this representation, Hillabrand sold the property at a private sale for $995,000, and brought a motion in District Court for a determination of the deficiency. On May 15, 2002, the District Court awarded Hillabrand a deficiency judgment against the Trust in the amount of $197,177.52, with interest accruing at the rate of 10 percent per annum until satisfied. From this judgment, the Trust appeals. We affirm.

¶7 The only issue on appeal is as follows:

¶8 **Did the District Court err in awarding a deficiency judgment against the Trust?**

¶9 The Trust maintains that a deficiency judgment is proper only when following a sheriff's sale. By selling the property at a private sale, the Trust argues that Hillabrand effected a forfeiture, and thereby relinquished her right to obtain a deficiency judgment. In support of its assertion, the Trust relies upon *Aveco Properties, Inc. v. Nicholson* (1987), 229 Mont. 417, 747 P.2d 1358, and cases cited therein. In response, Hillabrand challenges the Trust's characterization of this case as a forfeiture matter, and argues that the issue is one of damages.

¶10 We agree that the Trust misapprehends this case as a forfeiture matter. The Trust has not demonstrated that it held any equitable interest in the property at issue at the time of the sale. Nor is this a situation in which Hillabrand elected her remedies pursuant to contract. Rather, Hillabrand merely acted upon the suggestion of the Trust to sell the property in question, and establish the deficiency.

¶11 We also conclude that the Trust's reliance upon *Aveco* for the proposition that a deficiency judgment may be entered only when following a sheriff's sale is misplaced.

4

*Aveco* involved foreclosure of the debtor's interest in real property following default under a contract for deed. Relying upon our holding in *SAS Partnership, Etc. v. Schafer* (1982), 200 Mont. 478, 653 P.2d 834, we concluded that the district court did not err in ordering the property to be sold upon the defendant's failure to pay the remaining balance. *Aveco*, 229 Mont. at 424, 747 P.2d at 1362. We further concluded that Aveco was entitled to receive a deficiency judgment in the event the sale of the property yielded an insufficient amount to satisfy the judgment. *Aveco*, 229 Mont. at 425, 747 P.2d at 1363. In so concluding, we turned to our holding in *Glacier Campground v. Wild Rivers, Inc.* (1979), 182 Mont. 389, 597 P.2d 689, wherein we held that there is nothing inequitable about awarding a deficiency judgment on any unsatisfied amount after the sale of the land in controversy. *Aveco*, 229 Mont. at 425, 747 P.2d at 1362-63. We did not hold, as the Trust contends, that a deficiency judgment was proper *only* when following a sheriff's sale. Rather, we simply recognized that a deficiency judgment cannot be computed until after the property has been sold. *Aveco*, 229 Mont. at 423, 747 P.2d at 1361.

¶12 In this case, the property sold at a private sale for $995,000, which the District Court concluded was commercially reasonable. Ordinarily, we review a district court's conclusions of law to determine whether those conclusions are correct. *Yellowstone II Dev. Gr. v. First Amer. Title Co.*, 2001 MT 41, ¶ 34, 304 Mont. 223, ¶ 34, 20 P.3d 755, ¶ 34. However, in this case, the Trust does not take issue with the court's conclusion that $995,000 was a commercially reasonable sale price, nor does it provide any other authority in support of its contention that a sheriff's sale must precede a deficiency judgment. Given our

5

holdings in *Aveco* and *Glacier Campground*, wherein we held that it is not inequitable to grant a deficiency judgment when the property at issue sells for less than the obligation owed, we cannot conclude that the District Court erred in awarding a deficiency judgment under these circumstances.

¶13    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER